THE PEORIA MARINE AND FIRE INSURANCE COMPANY, Appellants, *v.* DAVID LEWIS *et al.*, Appellees.

### APPEAL FROM WINNEBAGO.

An insurance company may waive imperfections and deficiencies in the statement of loss and proof required by the policy; and all objections to the sufficiency of proof will be considered as waived to everything not specifically pointed out.

Upon notice, and an account and proofs furnished of loss, to an insurance company, all objections that might be, but are not taken, if the company objects to paying, will be considered as waived; and only such objections can be insisted on as were first made.

If it is objected that an assignment or change of interest in the premises insured was executed subsequent to the policy, want of consent must be averred, in a plea to an action on the policy, or it will be presumed that the conditions of the policy were complied with.

Where the conditions of a policy require that notice of a loss shall be given "*forthwith,*" it will be understood to require the use of due diligence, and that it shall be given within a reasonable time, under the circumstances.

If it is represented that a force pump is connected with the building insured, and there is such a pump, but without hose, there will be a compliance with the condition.

The insurance of a starch manufactory will include fixtures and machinery.

If a greater loss is proved than the whole amount insured by different policies, the party insured will be entitled to recover the full amount of each policy, unless the recovery shall be limited, by the policy, to only a proportion of the loss.

The insured will be entitled to interest upon the amount of loss proved within the policy; from the time fixed for the payment, after proof of loss.

THIS suit was brought to February term, 1856. Declaration contained four counts, upon a policy of insurance, which, with the conditions, so far as is necessarily connected with this case, is as follows:

By this policy of insurance, the Peoria Marine and Fire Insurance Company, in consideration of forty dollars, to them paid by the assured hereinafter named, the receipt whereof is hereby acknowledged, do insure Lewis Smith, Esq., & Co., against loss or damage by fire, to the amount of two thousand dollars, on their

starch factory building, including machinery and fixtures. Said building is base-
ment of stone, upper story of wood, and is situated on Rock river, in the city of
Rockford, Ill. All as is described in application and survey No. 96, on file in this
office. $2,000 other insurance.

And the said company do hereby promise and agree to make good unto the
said assured, their executors, administrators and assigns, all such immediate loss
or damage, not exceeding in amount the sum insured, as shall happen, by fire, to
the property, as above specified, from the first day of June, one thousand eight
hundred and fifty-five (at 12 o'clock at noon), unto the the first day of June, one
thousand eight hundred and fifty-six (at 12 o'clock at noon), the said loss or
damage to be estimated according to the true and actual cash value of the prop-
erty at the time the same shall happen; and to be paid within sixty days after
notice and proof thereof made by the assured, in conformity to the conditions
annexed to this policy. And if the said assured, or their assigns, shall hereafter
make any other insurance on the same property, and shall not give notice thereof
to this company, and have the same indorsed on this instrument, or otherwise
acknowledged by them, in writing, this policy shall cease, and be of no further
effect. And in case of any other insurance upon the property hereby insured,
whether prior or subsequent to the date of this policy, the assured shall not, in
case of loss or damage, be entitled to demand or recover of this company any
greater portion of the loss or damage sustained than the amount hereby insured
shall bear to the whole amount insured on said property. And that this policy is
made and accepted in reference to the conditions hereto annexed, which are to
be used and resorted to in order to explain the rights and obligations of the
parties hereto, in all cases not herein otherwise specially provided for.

Conditions of insurance referred to in the body of the
foregoing policy :

7. Policies of insurance, subscribed by this company, shall
not be assignable without the consent of the company,
expressed by indorsement made thereon. In case of assign-
ment, without such consent, whether of the whole policy or
of any interest in it, the liability of the company, in virtue of
such policy, shall thenceforth cease. And in case of any such
transfer or change of title in the property insured by this
company, or of any undivided interest therein, such insurance
shall be void and cease.

11. All persons insured by this company, and sustaining
loss or damage by fire, are forthwith to give notice thereof to
the company or its agent, and, as soon after as possible, to
deliver in a particular account of such loss or damage, signed
with their own hands, and verified by their oath or affirmation.
They shall also declare, on oath, whether any and what other
insurance has been made on the same property ; what was the
whole value of the subject insured ; what was their interest
therein ; in what general manner (as to trade, manufactory,
merchandise, or otherwise) the building insured, or containing
the subject insured, and the several parts thereof, were occu-

pied at the time of the loss, and who were the occupants of such building; and when and how the fire originated, so far as they know and believe; and procure a certificate, under the hand of a magistrate or notary public (most contiguous to the place of the fire, and not concerned in the loss as a creditor or otherwise, or related to the insured or sufferers), that he is acquainted with the character and circumstances of the person or persons insured, and has made diligent inquiry into the facts set forth in their statement, and knows, or verily believes, that he, she or they really, and by misfortune, and without fraud or evil practice, hath, or have sustained, by such fire, loss and damage to the amount therein mentioned; and also, if required, shall produce their books of account and other proper vouchers; and shall also, if required, submit to an examination, under oath, by the agent or attorney of the company, and answer all questions touching his, her or their knowledge of anything relating to such loss or damage, or to their claim thereupon, and subscribe such examination, the same being reduced to writing; and until such proofs, declarations and certificates are produced, and examination, if required, the loss shall not be deemed payable. Also, if there appear any fraud or false swearing, the insured shall forfeit all claim under this policy. Damage to buildings not totally destroyed shall be appraised by disinterested men, mutually agreed upon by the assured and the office, or its agents; and where merchandise or other personal property is partially damaged, the insured shall forthwith cause it to be put in as good order as the nature of the case will admit, assorting and arranging the various articles according to their kind; and shall cause a list or inventory of the whole to be made, naming the quantity and cost of each kind. The damage shall then be ascertained by the examination and appraisal of said damage on each article, by disinterested appraisers, mutually agreed upon, whose detailed report, in writing, shall form a part of the proofs required to be furnished by the claimant, one-half of the appraiser's fees to be paid by the insurers. A copy of the written portion of the policy to be given in the affidavit of the claimant in all cases.

12. Payment of losses shall be made in sixty days after sufficient proof has been received by the secretary, in writing.

Defendant demurred to the third and fourth counts, and the demurrer was sustained.

The first and second counts set out the policy and its conditions substantially, and aver that appellants insured, against loss or damage by fire, the appellees' starch factory buildings, including machinery and fixtures, situated at Rockford, Win-

nebago county, Ill., in the sum of two thousand dollars, for the period of one year.

That, on the 11th of May, 1855, appellees insured same property for two thousand dollars in the "*Stephenson County Mutual Fire Insurance Company,*" of which appellants had due notice, and the same is mentioned in their policy; that the insured premises were destroyed by fire on the 14th of July, 1855; that premises were not used contrary to the agreements in the policy; that they forthwith, on the 18th of July, 1855, gave notice of the loss, and, as soon as possible thereafter, on the 20th of July, gave to appellants a particular account of the loss, etc., verified by affidavit; and on the 24th day of October, 1855, they amended the statement, the appellants having waived imperfections and deficiencies in former statement, and consented to the amendment; and procured the certificate of a magistrate, as required by the policy; and concludes with a general averrment that sixty days have elapsed since the preliminary proofs have been made, yet their damages, etc., have not been paid, etc.

The defendant below filed thirteen pleas.

1st. *Non est factum,* and twelve special pleas, of which notice only will be taken of such as are commented upon in the opinion.

5th. That appellees did not, as soon as possible, furnish a particular account of their loss, under their hands, and verified by their own oath or affirmation, including therein a copy of the written portion of said policy, as required by the policy, and the conditions thereto annexed and made part thereof.

A demurrer to this plea was sustained, and appellants abided by the demurrer.

6th. That appellees did not, as soon as possible, furnish a particular account of their loss, etc., but neglected to do so for the space of five days after the alleged loss.

A demurrer to this plea was sustained, and appellants abided by the demurrer.

11th. That, after making the policy, on the 2d of June, 1855, appellees made an incumbrance and deed of trust on the premises to James M. Wight, trustee, etc., for $4,600, thereby lessening the value of appellees' interest in the premises.

A demurrer to this plea was sustained, and appellants abided by the demurrer.

Appellees gave, in evidence, the policy of insurance, dated June 1, 1855, with the conditions and indorsements.

They next introduced C. W. Sheldon, who stated that he was acting as agent for defendants in procuring the policy, and was agent at the time of the burning of the building

mentioned in the policy, and has continued so to the present time. Knew tho property insured ; it was a starch factory, situated in Rockford, on the west side of Rock river. Was present at the fire, on the 14th of July, 1855. The property was pretty much destroyed by the fire. Have seen the paper produced, marded " B." It was served on him (witness) July 16, 1855. The indorsement is in my handwriting. It was handed to me by Mr. Wight. Have seen the paper produced, marked " C." It was sworn to before me, July 18, 1855. Plaintiffs Smith, Strong and Mesler came to my office and left the papers. I think I sent them by mail to the secretary of the company.

The paper marked " B," which is as follows, was then offered in evidence.

*To the Peoria Marine and Fire Insurance Company :*

You will please take notice that the starch factory in this place, insured by your policy, dated June 1st, 1855, and numbered (96), to Messrs. Lewis, Smith & Co., for $2,000, was, on the 14th inst., totally destroyed by fire.

To C. W. Sheldon, Agent of said Co.          Yours, etc.,

ALFRED OUGHLETREE,

*Assignee of said policy, by James Wight, his agent, who also signed for*
*the parties insured.*

*July* 16, 1855.

Indorsed, " I acknowledge service of the within.
" *July* 16, 1855.                          C. W. Sheldon."

The paper marked " C," which is as follows, was offered in evidence.

Rockford, July 18, 1855.

The undersigned deposeth and saith, that, on the 14th instant, their starch factory was burned, with nearly all its contents; that tho origin of the fire is to them unknown with certainty, but think it originated in some undiscovered defect in the chimney ; that the factory was, at the time of the fire, and at all times, in their occupancy, and under their immediate care; that the factory building and machinery fixtures cost the sum of $10,300, and that it was owned wholly by them ; that they are insured by the Freeport Mutual Fire Insurance Company in the sum of $2,000, and have no other insurance, excepting yours; that their actual loss on factory and machinery is $6,813. They further depose and say that the above facts, as stated by us, are true, to the best of our knowledge and belief.

Subscribed and sworn to before me this          DAVID LEWIS,
    18th day of July, 1855.                          J. B. SMITH,
    C. W. SHELDON, J. P.   [seal.]                H. C. MESLER,
                                                  CLARK STRONG.

These papers were objected to, objection overruled, and exception taken.

Witness further stated that the paper purporting to be a notice, dated October 24, 1855, is signed by plaintiffs.

That Underhill, the president of the company, was here soon after the fire, and went with me to the factory.

Holland was also here in August. I think the company had had notice of the fire then. He claimed that defendants were not liable because there was a variance in the plaintiffs' application, in respect to the policy of the Stephenson County Insurance, and because there was no hose attached to the pump in the premises insured, at the time of the fire. The plaintiffs were present. Holland proposed to submit the question of defendants' liability to Judge Caton. Learned, from the statements of the plaintiffs, that they had received notice from the defendants that their notice of loss was not sufficient. Knows handwriting of paper marked "D." It is Holland's, secretary of company. Don't know when plaintiffs stated defendants had given them notice that their notice was insufficient, or when plaintiffs received such notice.

Defendant called C. M. Sheldon, who testified that, at the time he took the application for the insurance, he examined the premises. The building, not quite finished, was to be complete about the time the policy would return from the office. Left *application* with Smith to be filled up. Application produced, marked "G." Application returned as now filled up. Sent it as such to defendants' office, at Peoria. Paper marked "H." Is Stephenson county policy mentioned in plaintiffs' policy?

The application is in usual form, purporting to be for insurance on "*starch factory, machinery and fixtures pertaining to the factory.*"

The application is unimportant, except the first and fifteenth interrogatories, and the answers to the same.

1st. What amount is there now insured on the property?

Ans. Two thousand dollars.

15th. Is there a force pump and a good supply of water always on hand?

Ans. There is a forcing pump, and Rock river to feed it.

Defendant then gave, in evidence, the Stephenson County Mutual Fire Insurance Company policy, dated May 11, 1855. The property insured by this policy is described as follows:

"To the amount of two thousand dollars on the following property: *on their starch manufactory.*" Saying nothing of the fixtures and machinery.

The application uses the same language: "*On their starch manufactory.*"

The following instructions were given by the court, at the request of appellees, which were excepted to by appellants.

1st. If the jury find, from the evidence, that the defendants made and delivered to the plaintiffs the policy of the insurance

The Peoria Marine and Fire Insurance Co. *v.* Lewis et al.

in question in this cause ; that the property insured has been destroyed by fire while said policy was in force, as stated in plaintiffs' declaration ; and that the conditions in the policy in respect to preliminary proofs, statement and notice have been substantially complied with by the plaintiffs, the jury will find for the plaintiffs the amount of money mentioned in the policy, if such property destroyed has been proved to amount to four thousand dollars, unless the jury shall, at the same time, find that the defense set up by the defendants has been proved by them.

2d. If the jury find, from the evidence, that a statement, in substance, as required by the conditions of said policy, was delivered to the defendants, at the time required by the policy, the jury will be authorized to find the condition, in respect to said statement, performed, although the jury may, at the same time, believe that the said statement was informally, inartificially and vaguely worded.

3d. If the jury find, from the evidence, that C. W. Sheldon was the general agent of the defendants, for the transaction of their business in respect to the insurance, a delivery of such statement, in the manner aforesaid, to him was sufficient ; and if the jury find, from the evidence, that such statement was delivered to said agent, they will be authorized to find such statement was delivered to the defendant.

5th. If the jury find, from the evidence, that the defendants received such statement without objection, and placed their refusal to pay plaintiffs' loss on other and different grounds, such conduct would be evidence tending to show that the defendants admitted the sufficiency of such statements, although they may, at the same time, believe that such statement was informal, uncertain and vague in its meaning.

8th. If the jury find, from the evidence, that the plaintiffs' loss, by said fire, on the property insured, exceeded $4,000, being the amount insured by both policies, and shall also be of opinion that the plaintiffs are entitled to recover in this action, the jury will find for the plaintiffs the whole amount insured by the policy.

9th. If the jury believe, from the evidence, that the plaintiffs are entitled to recover in this action, they will allow the plaintiffs interest on the sum they are found entitled to recover on the policy, from the time the same became payable by the terms of the policy.

The jury found a verdict for the plaintiffs (appellees) for $2,127. A motion for a new trial was made, and overruled, and defendants appealed.

The errors assigned are,

1st. Sustaining demurrer to 5th, 6th and 11th pleas.

2d. Admitting evidence offered by the appellees, especially preliminary proof.

3d. Giving 1st, 2d, 3d, 5th, 8th and 9th instructions asked by appellees.

4th. Overruling motion for a new trial.

N. H. Purple, for Appellant.

J. M. Wight, for Appellee.

Scates, C. J. I will, for convenience, notice the assignments of error in the order in which they are made.

The first error alleges the overruling the 5th, 6th and 11th pleas. I think there is no error in this.

The 1st and 2d counts allege that the defendants gave in a particular account of the loss, verified, etc., and that plaintiffs waived imperfections and deficiencies, and consented to an amended statement, etc.

The 5th plea contains no traverse of these averments, but seeks to bar the action, notwithstanding their waiver of these very omissions, as they admit, virtually, by not traversing these averments. They may waive it. *Martin* v. *Fishing Insurance Co.*, 20 Pick. R. 396; *Ætna Fire Insurance Co.* v. *Tyler*, 16 Wend. R. 402.

They may not only waive the right to make objections to a want of proof, and to imperfect proof, but it is considered as waived, to everything not specifically pointed out. Angell on Insurance, Secs. 230 to 248, and authorities there referred to.

The plea should, therefore, have denied the allegation that plaintiffs had waived these grounds of objection, and consented to an amended statement, and denied also that such amended statement was made.

The 6th plea shows no bar. The same reasons are applicable to this plea, as to the 5th.

Where notice is given, and an account and proofs are furnished of the loss—and the company make objections to making payment—all grounds of objections that might be taken, and are not, are considered as waived, and the company can afterward insist only upon the objections thus taken. The authorities are abundant and conclusive to this point. I refer again to those above cited and the following: 6 Cush. R. 342; 1 ibid. 258; 9 John. R. 192; 25 Wend. R. 375; 3 Sand. R. 27; 2 Kernan R. 97; 22 Ohio R. 476.

Neither of these pleas sets forth enough to bar the action, or avoid the policy under the 11th article of the annexed conditions.

The 11th plea alleges, as a bar, that defendants executed an

incumbrance upon the premises insured.   The seventh article of the conditions has made no provision against incumbrances of this character.   A change of title or any undivided interest in it, by assignment of the whole or any interest in the policy, without the consent of the company, would avoid the policy. Admitting, that this would be an assignment within the meaning of this article of the conditions, yet the plea ought to aver that the company did not assent and agree to such transfer. For a sale and transfer by assignment of the policy would be good with the consent of the company.   This we may presume, or that the conditions were complied with, until the contrary is averred in the plea.   See for assignments 16 Barb. (S. C.) R. 511.

The second error questions the admission of the testimony objected to, especially the preliminary proofs.   There appears to have been some objection to the preliminary proofs, but what was its grounds or nature, does not appear.

Such general objections are of too little weight to require attention.   Further proofs were taken and furnished, and as we hear no further specific objection to them, except as to the time they were furnished, we may indulge the presumption that they were otherwise sufficient.   I think the proofs were perfected within a reasonable time.   The provision in the conditions that notice is "*forthwith*" to be given of the loss, means within a reasonable time, under the circumstances— the use of due diligence.   12 Wend. R. 452 ; 9 ibid. 163; 3 Gill (Md.) R. 177.

The notice here given, two days after the loss, was *forthwith*, within the meaning of the condition, and the preliminary proofs furnished five days after loss, is fully in compliance with the condition requiring them "as soon after (the loss) as possible."   The company expressly consent to allow the proofs to be completed, and cannot, therefore, object to the reasonable time actually taken.   But the right to urge specifically any others, has been waived by the company having put their refusal to pay upon two specific grounds.   By the sufficiency of these, therefore, they must abide, so far as their defense rests upon this class of objections.   The company put their refusal upon the ground that the representation of an insurance of the same property in the "Stephenson County Mutual Fire Insurance Company" was untrue—in this that the property was as "their starch manufactory"—which, it is contended, did not include the "fixtures and machinery."   And on the additional ground that the application, which becomes a warranty, represented that there was a force pump in the building with Rock river to feed it, whereas there was no hose provided to be attached and used in extinguishing fires.

The latter representation appears to have been literally true. There was a force pump in the building, which drew its supplies from the river. This representation does not include a hose, by implication. A hose might be an exceedingly useful appendage in case of a fire. But buckets and other means could be used to extinguish a fire, where a supply is furnished within the building by a force pump. The plaintiffs have no right to add this to the representation, as part of it, and avoid the policy for want of it. The other objection we think equally untenable.

The description is substantially correct, and more is not required. A starch manufactory substantially includes the fixtures, etc., necessary to the processes of such manufacture. The description was held sufficient in *Post* v. *Hampshire Mutual Fire Insurance Co.*, 12 Metcalf R. 555, though more indefinite than this.

The description is sustainable according to the following cases. 9 Metcalf R. 205; 10 Pick. R. 535; 2 Foster's (N. H.) R. 15.

In 20 Barb. (S. C.) R. 635, it was held that a "steam saw mill" covered not only the building itself, but all the machinery and fixtures therein. Quite as strong as this case.

The third assignment of error questions the instructions. But I do not discover any legal objection. The first two, are general upon the facts. The third lays down the familiar and common principles governing agencies.

The fifth is amply sustained, as law, by the authorities already referred to on that point.

The eighth lays down a correct rule in relation to the recovery of damages, unless controled by express provisions of the policy. The company may be compelled to pay the whole loss, and will be entitled to sue and recover a proportionate amount of other companies.

This is the general rule, and will be applied unless controlled by the policy, which may confine the recovery to a proportion of the loss only.

The ninth instruction is fully warranted by the second section of the act regulating the recovery of interest. 1 Purple Stat. p. 633.

By the very terms of the policy, the insured is required to furnish proofs of the *amount* of the loss. The assured must liquidate the amount of the loss, by his evidence, sixty days before it becomes due by the policy. But, by the contract, it does become due within sixty days after this proof is made. It is true, the amount may be controverted by proof, yet that will not change the principle, because the true amount may be variable.

Whatever is due, becomes due and payable within the time fixed, after the tender of proofs, and will bear interest from that date. The general errors I need not notice, as no grounds for a new trial are apparent.

*Judgment affirmed.*