# THE KNICKERBOCKER INSURANCE COMPANY

## *v.*

## WILLIAM K. GOULD *et al.*

1. INSURANCE—*policy construed as to notice to be given.* Where a clause in a policy of insurance requires the assured, in case of loss, to "give immediate notice thereof in writing," and "render to the company a particular account of said loss, in writing," and the policy further provides that payment shall be made in sixty days after *due notice* and proofs of the loss, a liberal construction should be given to the words used, and it will be held to require notice and proofs to be given within a reasonable time after the loss.

2. SAME—*what is reasonable time to give notice.* Where a loss occurred on the 8th or 9th of October, and notice and proof of loss were given on Nov. 13th following, it appearing that the office of the insurance company was also destroyed, so that the assured did not know where to find its officers, and the conflagration was so general as to suspend all business transactions, and the assured held many other policies under which he sustained losses, it was *held,* that the court could not say the delay, under the circumstances, was unreasonable.

3. PLEADING—*defects, how reached.* If a declaration is considered defective, the proper practice is to demur to the same, instead of moving to exclude the evidence in the case.

4. INSURANCE—*evidence of value of property destroyed.* The proofs of loss furnished an insurance company are admissible in evidence, in an action upon a policy of insurance, to show that such proofs were made and delivered as required by the terms of the policy, but not for the purpose of proving the extent of the loss to the jury—that must be shown by other evidence.

5. SAME—*diligence in giving notice a question of fact.* Where there is no dispute as to the facts of the case, it is a question of law whether due diligence has been used in giving notice of a loss; but where the facts in regard to diligence are disputed, it is a question of fact for the jury, and it is proper to submit to the jury whether, under all the circumstances, immediate notice was given.

6. SAME—*waiver of due notice.* Where a defective notice and proof of loss is given to an insurance company, and no defects are pointed out, so as to afford an opportunity to correct the same, objection to the same will be considered as waived, but not so where the notice is not given in time. The retaining of the notice, and making no objection, is not a waiver of the failure to give the same in time.

7. INTEREST—*on loss under insurance policy.* A policy of insurance being a contract to pay money at a certain time after a loss, it is proper to allow interest on the same from the time it becomes payable.

8. NEW TRIAL—*newly discovered evidence.* A new trial will not be granted on the ground of newly discovered evidence, where such evidence is impeaching or merely cumulative in its nature.

9. PAROL EVIDENCE. It is competent, in an action on an insurance policy, to prove by parol evidence that the assured had obtained insurance in other companies on the same property.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. A. C. STORY, for the plaintiffs in error.

Mr. B. D. MAGRUDER, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by John S. and William Gould, in the Superior Court of Cook county, against The Knickerbocker Insurance Company of Chicago, on a policy of insurance of $2500, on certain goods contained in the mill of the plaintiffs, located at the corner of Beach and Polk streets, in Chicago, which was destroyed by the Chicago fire of October, 1871.

On the motion of the defendant, the venue of the cause was changed to DuPage county, where a trial was had before a jury, resulting in a verdict and judgment in favor of the plaintiffs for $2905.41.

It is first urged, that the judgment can not be sustained because timely notice of the loss was not given by the insured to the company.

The policy provides, that "in case of loss, the assured shall give immediate notice thereof in writing, and shall render to the company a particular account of said loss, in writing, under oath, stating the time, origin, etc." The goods mentioned in the policy were burned on the 8th or 9th of October, 1871. After the fire, an inventory of the goods destroyed was made out and delivered to the secretary of the company on the 13th

day of November following.   No objection whatever was made,
by the company in regard to the form of the proof, nor was
any objection interposed that previous notice of the loss had
not been given, but the proofs of loss were retained.   Nothing
was paid on the policy, nor did the company take any action
in regard to the claim.

It will be observed, that the language employed in the policy
in regard to notice and proof of loss is peculiar: " In case of
loss, the assured shall give immediate notice thereof, in writ-
ing, and shall render to the company a particular account of
said loss, in writing."   The language used would seem to indi-
cate that it was the intention that notice of loss and proofs of
loss should be furnished the company at the same time, unless
the two portions of the sentence are closely connected by the
word " and."   It is not indicated in the first clause to whom the
notice shall be given, nor is there any time specified in the last
clause when proof of loss shall be rendered.

If this construction be the correct one, then the word " imme-
diate " must receive a liberal construction, in order to carry out
the manifest intent of the parties, as it is apparent that it was
impossible immediately to furnish proofs of loss.   This view
seems more reasonable by referring to another provision in the
policy, which is as follows: " Do insure, etc., to the amount of
$2500, against all such immediate loss or damage as may occur
by fire, etc., to be paid sixty days after *due notice* and proofs
of the same, made by the assured, are received at the office of
this company."

Here the words " due notice," not " immediate notice," are
used, and the loss that may occur is to be paid sixty days after
notice and proofs are received.   If it had been within the con-
templation of the contracting parties not to require notice and
proofs of loss to be given at the same time, it is but reasonable
to presume the payment of loss would have been specified to
be made sixty days after notice of loss given or sixty days after
proof of loss.   When all the provisions of the policy are con-
sidered together, we feel warranted in giving the word " im-

mediate" a liberal construction.    This, too, is in harmony with the authorities.

In *The Peoria Marine and Fire Ins. Co.* v. *Lewis,* 18 Ill. 553, where the question arose whether the notice of loss had been given within the time required by the conditions of the policy, it was said: "The provisions in the conditions that notice is forthwith to be given of the loss, means within a reasonable time under the circumstances—the use of due diligence."

May, in his work on Insurance, states the rule in regard to notice of loss thus: "If the notice be required to be forthwith, or as soon as possible, or immediately, it will meet the requirements if given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily to be the judges."

Under the rule here announced, which is substantially the same as held by this court in the case cited *supra*, the question presented is, whether the notice given under the circumstances was a substantial compliance with the provision of the policy.

The fire which consumed plaintiffs' property was a general conflagration.    It spread over and consumed more than one hundred acres of the principal business portion of the city of Chicago.    Business of all kinds was demoralized, and, to great extent, suspended.    The office of the defendant, together with its books and papers, was destroyed.

The plaintiffs, who had been engaged in a large manufacturing business, held a large number of policies of insurance on their property.    Time was absolutely necessary for them to arrange their papers, procure the necessary blanks, and learn the location of the offices of the insurance companies, before they could give notice of loss and furnish proofs.

Under all the circumstances of the case, we can not say there was an unreasonable delay.

To give the word "immediate" a literal interpretation would defeat the ends of justice, and, in a case of this kind, require of the insured an impossibility, as the office of the company had been destroyed, and the plaintiffs had no information as

to the location of the officers or agents of the company, and hence it was impossible, forthwith, to give the notice and furnish proof of loss.

It is also urged that the averments of the declaration were not sufficient, as to the value of the property destroyed and the amount of other insurance on the same.

Whether the declaration would have been regarded sufficient on demurrer, is a question that does not arise, as no demurrer was interposed.

We perceive no variance between the proof introduced and the declaration, and we are aware of no ground upon which the court could have sustained the motion of the defendants to exclude the evidence from the jury.

Had the defendants regarded the declaration insufficient, the proper mode to reach the defect was by demurrer.

It is also claimed, that the court erred in permitting the proofs of loss to be introduced as evidence of the kind, value and amount of property destroyed.

Upon an examination of the record, we do not find the proofs were introduced for the purpose indicated.

The record discloses the fact, that the proofs were offered in evidence; for what purpose, however, the record is silent. They were objected to, but upon what grounds, does not appear. The objection was overruled and the evidence was admitted to the jury.

It was proper to introduce, in evidence, the proofs of loss, for the purpose of establishing the fact that such proofs were made and delivered to the company as was required by the terms of the policy, and such, no doubt, was the object and purpose of the evidence.

The amount of actual loss seems to have been fully established by testimony entirely independent of the proofs of loss.

In *Lycoming Ins. Co.* v. *Rubin*, 79 Ill. 402, a contrary doctrine seems to have been impliedly approved. But in that case the insurance company insisted it was error to allow such proofs to go to the jury. The party insured conceded, in the

argument, that this was error; but insisted that the supposed error was cured by instructions. The court, assuming that it was error, held it was not cured by instructions, and reversed the judgment upon the ground that, aside from the proofs referred to, the amount of the damages in the case could not be supported by the other evidence. The true rule is, that the proofs of loss are proper to show a compliance with the terms of the policy, but are not to be considered in ascertaining the amount of damages.

Nor do we see any force in the objection, that parol proof was admitted of the amount of insurance held by the plaintiffs on the property, in other companies.

It was certainly competent to establish, by parol proof, the fact that plaintiffs were insured in other companies, and the evidence of the amount of such insurance can not be said to be proving the contents of a writing by parol.

There was no issue involved which required the production of the policies held in other companies. Their terms and conditions were of no importance, and it was not necessary to establish their contents.

It is next urged that the court erred in giving plaintiffs' 3d and 4th instructions, which were as follows:

"3. If the jury believe, from the evidence, that there was such a loss of the property described in the declaration herein as is therein set out, then they are authorized in determining for themselves, from all the facts and circumstances of this case, as developed by the evidence, whether or not, after said loss, the plaintiffs gave immediate notice thereof in writing to defendant.

"4. If the jury believe, from the evidence, that there was a loss of the property described in the declaration, as therein stated, and that after said loss the plaintiffs did not give immediate notice thereof in writing, yet if they, at the same time, find, from the evidence, that on or about November 13, 1871, the plaintiffs submitted to defendant proofs of said loss, as required by the policy of insurance herein introduced, and

defendant accepted the same, and retained the possession thereof from thence thereafter, and made no objection to the plaintiffs not having given immediate notice of said loss in writing, either at the time said proofs were submitted, or at any time thereafter, then the jury are authorized in finding that defendant waived such immediate notice in writing, as is above mentioned."

Whether due diligence has been used, in giving the required notice, may be regarded as a question of fact, which is ordinarily left to the jury, to be determined from all the circumstances in the case, bearing upon the question. May on Insurance, sec. 462; *Edwards* v. *Baltimore Ins. Co.* 3 Gill (Md.), 176.

But where there is no dispute in relation to the facts and circumstances bearing upon the question of diligence in giving the notice, then the question may be regarded one of law for the court. May on Insurance, sec. 462; *Kimble* v. *Howard Fire Ins. Co.* 8 Gray, 33.

The facts in regard to the diligence used in this case were not conceded, but were controverted before the jury, and therefore we see no error in the third instruction.

As to the fourth instruction, we are satisfied it is erroneous.

If a notice of loss was given, defective in form, and the company received it, and pointed out no defect, and made no objection thereto, such would, no doubt, be regarded as a waiver of a sufficient notice; but a failure to give notice in time, rests entirely upon a different ground from a failure to give notice in due form.

The reason is obvious. Where a defective notice is given, if the company points out the defects, the insured can supply them by a new notice, and if the company fails to point out the objections, they may very properly be regarded as waived. But a notice not served in time, rests on a different principle. If the company makes objection, the insured can not remedy the defect. It is too late, and hence there is neither reason nor necessity for the company to speak or be concluded by its silence.

We do not think that an insurance company is concluded by a notice of loss not served in time, for the reason that no objection is interposed at the time service is made; and therefore the instruction, as given, was not correct.

But while the instruction failed to lay down the rule correctly, it could do no injury to the defendant, as notice of loss was, under all the circumstances, given within the time required by the policy. We can not, therefore, reverse on account of the error contained in the instruction.

The first instruction of plaintiffs is objected to because it authorized the recovery of interest, in case the verdict should be in favor of the plaintiffs. After the amount of money named in the policy became due, we are aware of no reason why it would not draw six per cent interest. The policy was a contract, providing for the payment of money at a certain time, and as such, it was proper for the jury, in fixing the amount of the verdict, to allow interest. This point was expressly decided in *The Peoria Marine and Fire Ins. Co.* v. *Lewis*, 18 Ill. 553, and we observe no reason to change the rule there announced.

The last point relied upon by the defendant is, that the court erred in refusing a new trial on the ground of newly discovered evidence. Upon an examination of the affidavits presented on the motion, we are satisfied the testimony newly discovered is, in part, in the nature of impeaching evidence, and the rest is merely cumulative.

We understand the rule to be well settled, that a new trial will not be granted where the evidence is of that character.

After a careful examination of the whole record, we are satisfied it contains no substantial error. The judgment will, therefore, be affirmed.

*Judgment affirmed.*