## Case No. 5,052a.

### FRANKLE et al. v. PENNSYLVANIA FIRE INS. CO.

### SAME v. INSURANCE CO. OF NORTH AMERICA.

[12 Ins. Law J. 614.]

Circuit Court, D. Colorado. June 18, 1883.

Decker and Yonley, for plaintiffs.

George W. Allen and Stuart Brothers, for defendants.

Before McCRARY, Circuit Judge, and HALLET, District Judge.

HALLET, District Judge. May 5, 1882, plaintiffs were merchants at Leadville, and a policy of insurance on their stock in trade, which they held of defendant, expired by limitation. Streeter & Lee were defendant's agents at Leadville, and Mr. Lee, of that firm, applied to plaintiffs to renew the policy. This application was made at Denver, probably on the 5th of May, if we may determine the fact from the circumstance that the policy was sent to plaintiffs on the next day. Some discussion took place at that time between Mr. Lee and plaintiffs' representative, touching the rate of insurance, which defendant intended to increase from six per cent., the rate previously paid, to eight per cent., the rate to be charged. Plaintiffs' representative was unwilling to pay eight per cent., and Mr. Lee would accept no less. The discussion resulted in an agreement by plaintiffs' representative to take a policy for one month at the increased rate, which would afford time to investigate the subject, and ascertain whether insurance could be obtained for less premium. With that understanding the parties separated, and on May 6th, Streeter & Lee mailed from Leadville the policy on which this suit was founded, addressed to plaintiffs at Denver. They inclosed with the policy a bill for the premium, in which plaintiffs were set down as debtors of Streeter & Lee for the amount. Plaintiffs received the policy in due course of mail, but did not remit the premium to Streeter & Lee until after the goods were destroyed by fire, which occurred on the twentieth day of the same month of May. Streeter & Lee refused to accept the premium, and defendant claims in this action that by its terms the policy was not to take effect until the premium should be paid. And inasmuch as the premium had not been paid at the date of loss the defendant is not bound.

It is expressly declared in the policy that it "shall not take effect before the premium is paid," and the question is how far the plaintiffs are subject to this provision. The right of the defendant to limit the authority of its agents, and to demand the premium on a policy before it shall assume any risk, is not doubted. But it seems that defendant's agents are in the habit and practice of delivering policies without payment of premiums, and apparently with the knowledge and consent of defendant. That course is practiced in Denver and Leadville, and if we may rely on some general knowledge of the business, we may add that the practice is quite general among insurance companies in this country. Defendant's agent at Denver states that he holds himself personally responsible to the company for premiums due on policies so issued, and the circumstance that in this instance the bill for premium was made out in the name of Streeter & Lee is evidence to show that they had adopted the same view. The bill is for money due Streeter & Lee, general fire insurance agents, and the company is not mentioned, except in describing the policy. These agents are selected with special reference to the important duties they are requested to perform on behalf of the company; security for good conduct in office is usually required of them; and it is not reasonable to believe that they will constantly violate instructions from their principals. The position in which they are placed, subject to dismissal at any moment, forbids any such conclusion. Insurance companies can secure obedience from their agents whenever they demand it. The pretense that this policy was delivered without authority from the defendant is not to be considered. While professing to give insurance only on payment of the regular premium therefor, defendant does, in fact, give out many policies on a short credit. If the premium is paid before loss it is cheerfully accepted—as well the part which is applicable to the time since the date of the policy, in which, according to its own construction of that instrument, it was not liable for loss, and the remainder which was not applicable to the future life of the policy. But when loss occurs before the premium is paid, the clause in the policy relating to its payment is invoked to protect the company from liability. Courts are not bound to recognize double dealing. That some of them have felt inclined to do so may be a matter for regret, but in the court to which we look for correct principles, the rule for which we contend is fully established. Miller v. Life Ins. Co., 12 Wall. [79 U. S.] 285. In that case defendant sought to escape all liability upon a clause in the policy of insurance very similar to that on which defendant relies in this case, and the court was of the opinion that the contract was complete on delivery, without payment of the premium. So, also, it is held that an agreement to insure is binding before a policy has been made or delivered, and before the time for paying the premium arrives. Commercial Mut. Marine Ins. Co. v. Union Mut. Ins. Co., 19 How. [60 U. S.] 318; Insurance Co. v. Colt, 20 Wall. [87 U. S.] 560. And generally it should be said and maintained as a sound and wholesome rule of good conduct and fair dealing that upon a promise of indemnity supported by any consideration whatever, the company shall be bound, whatever may be concealed in a labyrinth of conditions and exceptions to defeat its operation. It is easy enough to withhold the policy until payment of the premium, and that course of dealing will deceive no one. But the delivery of the policy imparts indemnity in a way which most men will accept without question. We think that

the contract between these parties was complete when the policy was delivered, and the defendant is liable on it.

Objection is also made to the proof of loss, that it does not meet the requirements of the policy. But it comes too late at the trial. The rule is that objections existing at the time of the service of the proof of loss, if not then made, will be regarded as waived. Peoria Marine & Fire Ins. Co. v. Lewis, 18 Ill. 553. Deducting the premium and interest thereon from the date of the policy, the judgment will be for the amount of the policy with interest from the time when it became due under the terms of the policy.

In another action by these plaintiffs against the Insurance Company of North America the facts are similar, and the like judgment will be entered.