## German Insurance Co. v. Joseph Bear, Administrator.

1. Insurance—*Proof of the Value of Property Destroyed.*—The value of insured property as stated in the proofs of loss does not stand for proof of the value of such property on the trial of an action upon the policy. Such value must be shown by other evidence.

German Ins. Co. v. Bear.

**Assumpsit,** on an insurance policy. Appeal from the County Court of Clay County; the Hon. BEN. HAGLE, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

JOHN LYNCH, JR., attorney for appellant.

B. D. MONROE and D. C. HAGLE, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought on a fire insurance policy, to recover a loss occasioned by fire, and judgment was obtained for the amount claimed.

The defendant filed the general issue and special pleas, setting up (1) that proofs of loss were not furnished as required by the terms of the policy; (2) that the insured made false and fraudulent representations as to the ownership of the property insured and of the title to the land on which the building insured was situated; (3) that the title to the personal property insured had been changed in a certain manner since the insurance, which made the policy null and void. Replications were filed to these several pleas; to the last plea that the property descended to the widow and heirs of insured, and thereafter, with knowledge of the fact, the defendant had received and accepted the premium due on said policy, which was alleged to be a waiver of the forfeiture. A demurrer to this replication was overruled, on which ruling error is assigned. The demurrer should have been sustained, for this reason, if for no other, that the replication did not meet the issue presented by the plea as to the change of title there averred, which was to the effect that the widow had taken the same as a part of her award on the administration of the estate.

This question is not, however, before this court, for the reason the appellee remits the amount of the judgment entered for the value of the personal property, conceding thereby there can be no recovery in this case for such property. The appellee remits $223, the amount claimed in the proof of loss, which proof of loss is the only evidence in this record of the value of such property.

This court, however, can not assume that is the value as found by the court, for the reason the value of property as stated in the proof of loss does not stand for proof of the value on the trial; that must be shown by other evidence. The Knickerbocker Ins. Co. v. Gould, 80 Ill. 388.

There is no other proof in this record than the proof of loss of the value of the dwelling destroyed by fire, and therefore the judgment will have to be reversed. It is deemed proper to say, however, in case this suit should be tried again, (1) that appellant should have objected to the proof of loss furnished, if it was not satisfactory: Continental Ins. Co. v. Ruckman, 127 Ill. 364; (2) that the evidence does not show there were false or fraudulent representations as to the ownership of the dwelling or of the title to the land on which it was situated. There should, however, be additional proof as to the loss of that deed made by Joseph to Oliver Bear. Judgment reversed and cause remanded.