## Joseph Kuznik v. Orient Insurance Co.

1. Insurance—*Effect of Failure to Object to Sufficiency of Proofs.*—The failure of an insurance company to object specifically save upon one ground when preliminary proofs of loss are made, merely precludes the company from objecting to the sufficiency of such preliminary proofs upon other grounds, the company does not thereby confess the full amount of loss as set forth in the proofs.

2. Trials—*Evidence in Rebuttal Held Properly Excluded.*—The refusal of the trial court to allow plaintiff to introduce in rebuttal further evidence upon the nature and extent of the damages was not error as the subject was covered in plaintiff's case in chief.

Assumpsit, on an insurance policy. Error to the Circuit Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the October term 1897. Affirmed. Opinion filed January 17, 1898.

J. R. Burres and E. N. Zoline, attorneys for plaintiff in error.

Now the law is well settled in this State, that upon notice and accounts and proof furnished of loss, to an insurance company, all objections that might be, but are not, taken, if the company objects to paying, will be considered as waived, and only such objections can be insisted on as were first made. The Peoria Marine Fire Insurance Co. v. David Lewis, 18 Ill. 553; Atlantic Insurance Co. v. Wright, 22 Ill. 462.

Schuyler & Kremer, attorneys for defendant in error; D. J. Schuyler, of counsel.

Mr. Justice Sears delivered the opinion of the Court.

The judgment here reviewed was rendered in a suit brought by plaintiff in error against defendant in error,

an insurance company, to recover the loss upon a painting damaged during a fire. Plaintiff claimed a total loss of the value of the painting, by reason of the injury to it, which consisted of a hole made in the canvas. Evidence was presented tending to show that the painting was worth $1,000 before injury, and was totally ruined. Defendant claimed that the painting was originally of slight value and could be easily repaired. Evidence was given tending to show that the cost of repairing, so as to make it as valuable as before injury, would not exceed $50 to $65. The jury found a verdict for plaintiff for $55. Counsel for plaintiff contend that, as the defendant company made no objection when proofs of loss were furnished, except such objections as went to the ownership of the property insured, it thereby waived all other questions, and is now estopped to question liability for the amount named as loss in the proofs furnished. In support of this they cite Peoria M. F. Ins. Co. v. Lewis, 18 Ill. 553; Atl. Ins. Co. v. Wright, 22 Ill. 462.

Neither case sustains their contention. The decision in each case holds that failure to object specifically, save upon one ground, when preliminary proofs of loss are made, merely precludes the insurance company from objecting to the sufficiency of such preliminary proofs upon other grounds. In neither is it held that the company thereby confesses the full amount of loss as set forth in the proofs. To the contrary of this proposition: Home Ins. Co. v. Stone R. N. Bk., 12 S. W. Rep. 915; Joyce on Ins. 3769.

Plaintiff offered in rebuttal to introduce further evidence upon the nature and extent of the injury to the painting. The court refused to admit such evidence. There was no error in this. The subject was covered in plaintiff's case in chief. The court was not obliged to permit plaintiff to present his case a second time.

The remarks of the court, as specifically presented in the brief, were not improper.

No other assignments of error are argued.

The amount of the loss was a question of fact for the jury. We can not say that the verdict is so clearly against the weight of the evidence as to warrant us in disturbing it.

The judgment is affirmed.