## Wiliam A. Gray v. Merchants' Insurance Company of Newark.

### Gen. No. 4,583.

1. RES JUDICATA—*when decision of Appellate Court is, upon hearing after remandment.* Where no new proof is introduced upon the hearing after remandment the decision of the Appellate Court is binding upon the trial tribunal.

2. INSURANCE POLICY—*provision of, with respect to loss of rent, construed.* An insurance policy which covers loss of rents includes loss of income where the premises in question were not demised for a specific term.

3. ADJUSTER—*acts of, binding upon company.* The acts of an adjuster are binding upon the company represented by him so far as such acts interpret the provision of a policy as to the loss intended to be covered thereby.

4. AWARD OF ARBITRATORS—*when cannot be questioned.* One who in his pleadings has set up and relied upon an award of arbitrators will not be permitted to assail the same.

5. WAIVER—*need not be specially pleaded.* Waiver need not be specially pleaded; proof thereof sustains an allegation of performance.

6. ANSWER—*must set up all defenses.* An answer in chancery must set up the defenses intended to be relied upon; defenses not so set up are deemed waived.

7. INTEREST—*may be recovered in action upon insurance policy.* Interest may be recovered in an action upon an insurance policy notwithstanding the question of liability is disputed.

8. REFORMATION—*what decree awarding, should contain.* A decree awarding reformation should be definite and the details of the reformation should be so set out that the decree itself without reference to the bill will show how the instrument in question is reformed.

Bill to reform, etc. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded with directions. Opinion filed March 10, 1906.

SHEEN & MILLER, for appellant.

McCULLOCH & McCULLOCH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This case was before us in 113 Ill. App., 537, and we need not repeat the full statement and discussion there given. After the cause was returned to the trial court, it went to the master, where each party introduced the same proof such party had introduced at the first hearing, and a little additional testimony. The master reported the proofs and his conclusions. The court sustained certain exceptions thereto and overruled others, and entered a decree reforming the policy, and allowing the rent of the stores and offices at $120 per month for three months and three weeks, less one day, being the time covered by ninety-seven working days, with interest thereon, but refused to allow anything for loss of rents of the theatre, which was the larger part of the building insured and injured by fire. Complainant appeals, and defendant assigns cross errors.

Appellee insists that the merits are not concluded by our former decision, and reargues at length its former position that there was no mutual mistake in the policy. No further proof on that subject was introduced at the second hearing, and therefore the court below was bound by our former decision that appellant was entitled to a reformation. We have, however, re-examined the proof, and are still of the opinion that appellant and the agents of appellee did enter into an agreement that appellant should have the short form of policy only, and not the long form, and that the policy here in question, with the long form attached, was so issued and received by a mutual mistake between appellant and said agents, each intending appellant should receive the short form. If the agents, in their anxiety to get business, deceived the compact manager at Peoria, or even the officers of appellee at Chicago, or both, yet that is a matter between appellee and its agents only, and does not concern appellant who was not a party to any such deception.

Should appellant be allowed anything, and if so, how much, for the loss of rents of the theatre? The policy provided insurance against loss by fire "on rents of the three-story and basement brick, gravel roofed, building situated at No. 323 South Adams Street, Peoria, Illinois, and known as the Auditorium." Appellant's income on that building was chiefly derived from the theatre therein. It had been rented for annual rentals as hereinafter stated, but at the time of the fire it was not under lease, but was being managed and let by appellant to entertainments for a share of the receipts, though it was open to offers for rental. The master fixed the rental at the rate of $3,600 per year, and the court allowed nothing. Appellee's position seems to be that if the building is rented the loss is that of the tenants unless appellant proved the contrary from the leases, and if the building is not rented then the landlord has lost no rents, and in either event the landlord can recover nothing under the policy. This would relieve appellee from all liability under the policy unless appellant proved affirmatively that the premises were leased and that his leases were so worded that his tenants were not liable for rent after a fire. Hence, appellant could not recover for loss of rents of the theatre because it was not rented at the time of the fire; and if any of the offices or stores had been vacated just before the fire and a new tenant had not yet been secured, appellee would be relieved from liability for loss of the rent of such office or store, even though it was desirable property and would have been speedily rented but for the fire. It would also follow that if any store or office was in the hands of a tenant from month to month only, or under a lease about to expire, and no renewal had been agreed upon or new tenant secured before the fire, appellee would only be liable for the loss of rent for the short unexpired term, for beyond that time no further lease had been made and therefore there were no further rents to lose. If this is the meaning of the policy, then the parties intended to provide premiums for appellee and to avoid protecting appellant against loss of income from his building as the result of fire. On the contrary, we think

the object of such a policy is to protect the owner of the property. We held in Niagara Fire Ins. Co. v. Heenan & Co., 81 Ill. App., 678, that a contract of insurance should be construed liberally in favor of protecting the assured; and in affirming that judgment, in 181 Ill., 175, the Supreme Court said: "A contract of insurance is a contract of indemnity, and unless· indemnity for the loss sustained has been reached the law will lean to that construction which carries out the purpose of such a contract and gives such indemnity." Such is the general tenor of the Illinois decisions. Certainly appellee originally took the view that this policy was· intended to insure against the loss of the use of the theatre, though under the management of appellant and not rented to a tenant at the time of the fire. Appellee's adjuster was its agent, and his acts were binding upon it, under the principles stated in Phenix Ins. Co. v. Hart, 149 Ill., 513, and Home Ins. Co. v. Mendenhall, 164 Ill., 458. On June 12, 1901, a month and six days after the fire, appellee's adjuster wrote to appellant from the Chicago office of the manager of appellee's western department, under appellee's official letter head, saying on this subject: "In the absence of any other data as to the rental of the theatre·portion of the building, it would seem to me to be no more than equitable to use the basis of the lease existing before you took the management of the theatre, which for three years previous amounted to $2,400 per year." The theatre had been rented at $3,600 per year, and afterwards at $2,400 per year with the addition of commissions each month on so much of the receipts of the theatre as exceeded $800 for that month. At the time of the fire appellant was letting the theatre for a percentage of the rents to companies giving entertainments. It is obvious appellant was receiving an income from the use of the theatre for hire, but not in the usual form of fixing rent by a .lease. We think the policy was intended to secure appellant against his loss of an income· from the theatre, and was intended to cover its rental value. But appellant had not had as high a fixed rental from the theatre as $3,600 per year

for several years. Its last fixed rental had been at $2,400 per year, with the addition of a percentage on the monthly receipts above $800, when they did go above that sum, and the proof is that under that lease, while in other parts of the year such percentage was a very substantial addition to the rental, there generally were no additions to the rent from that source during the summer months, as the receipts did not exceed $800 per month during those months. This fire occurred May 6th, and the loss of rents or income from the theatre for which this policy is liable was during the summer months, and we conclude the liability for the theatre should be fixed at the rate of $2,400 per year.

Appellant was allowed rentals for three months and three weeks less one day, being the actual time covered by ninety-seven working days. He claims he should have been allowed for five or six months, and assigns certain reasons why the arbitration on that subject should not bind him. Appellant and appellee submitted to two appraisers, and to an umpire to be selected by them, the question of "the time required to repair or replace the property damaged and destroyed by the fire." The award of any two of them was to be binding on both parties. The appraisers selected an umpire. The umpire and one appraiser made an award in which they determined the time required to repair the loss and damage at ninety-seven working days. Appellant set up this award in his bill of complaint as binding upon both parties. He offered in evidence the submission, the oath of the appraisers, their selection of the umpire, the oath of the umpire and the award. We are of opinion he cannot now be heard to assail their decision.

Appellee questions the allowance of rent for the stores and offices. We consider the decree sustained by undisputed proofs and also by the letter already mentioned, in which the company's adjuster also says: "At the time of my visit to your city the rental value of the stores and offices of the building at $120 per month was verified by your leases. The question of rent on the Auditorium portion of the building remained unsettled," etc. This shows that

he considered the rental value of the stores and offices for which appellee was liable under the policy was $120 per month, and that he determined that from an inspection of the leases. There is no proof or presumption that appellant's tenants were liable to him for rent after the fire, and appellee's adjuster did not reach such a conclusion from his examination of the leases.

Appellee insists appellant cannot recover because he did not present proofs of loss within the time required by the policy. In our former opinion we discussed the proof on that subject very fully, and held proofs of loss had been waived. That question is not open to re-examination, as there were no further proofs on that subject at the second hearing. Appellee says appellant pleaded performance of the conditions of the policy, and not that performance had been waived, and hence cannot avail of the waiver. Waiver need not be specially pleaded, and proof thereof sustains an allegation of performance. German Fire Ins. Co. v. Grunert, 112 Ill., 68, 76; Evans v. Howell, 211 Ill., 85; Dickson v. N. Y. Biscuit Co., 211 Ill., 468. Moreover appellee was bound to apprise appellant of its grounds of defense by its answer, and cannot avail itself of a matter of defense not stated in its answer. Jewett v. Sweet, 178 Ill., 96. The answer did not set up the failure to present proofs of loss as a defense.

Finally appellee contends that it was not liable for interest because the amount to be paid is in dispute. That interest is recoverable in a suit on a fire insurance policy, is held in Peoria Marine & Fire Ins. Co. v. Lewis, 18 Ill., 553; Knickerbocker Ins. Co. v. Gould, 80 Ill., 388, and Fireman's Fund Ins. Co. v. Western Refrigerating Co., 162 Ill., 322.

The decree is too indefinite in merely reforming the policy "as prayed in the bill of complaint." The details of the reformation should be so set out that the decree will itself show how the policy is to read.

The decree is reversed and the cause remanded, with di-

rections to the court below to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*