# INDEPENDENT ORDER OF MUTUAL AID
## v.
## EMMA J. PAINE.

PLEADING.—Where the performance of the defendant's contract depends on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, whether it is in the affirmative or negative, or to be performed by plaintiff or defendant or any other person, or plaintiff must show some excuse for non-performance

ERROR to the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed December 4, 1885.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH and J. H. THATCHER, for plaintiff in error.

Mr. L. W. BREWER, for defendant in error.

BAKER, J.   This was assumpsit by defendant in error against plaintiff in error, upon a beneficiary certificate issued by the latter and payable to defendant in error, in case of the death of Lucius B. Paine, her husband.

A general demurrer to the declaration was overruled by the court; and, thereupon, a final judgment was rendered in favor of defendant in error for $2,360 and costs.

The circuit court erred in not sustaining the demurrer to the declaration.   Where the performance of the defendant's contract depends on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, whether it is in the affirmative or negative, or to be performed or observed by the plaintiff or by the defendant, or by any other person, or must show some excuse for the non-performance.   1 Chitty Pl. pp. 320 and 321; People v. Glann, 70 Ill. 232.   In this case, by the terms of the contract, the sum insured was payable only upon due notice and satisfactory proof of the death of Lucius B. Paine ; and it does not appear from the declaration that proofs of death were either furnished or waived.   So, also, the averments in the declaration show that the promise of plaintiff in error was to pay the $2,000, upon the surrender of the beneficiary certificate, legally receipted ; but the declaration fails to allege either such surrender, or an offer or readiness to surrender, or any matter of excuse.   The rule of pleading is, that where there are mutual conditions to be performed at the same time, the plaintiff must aver performance or a readiness to perform his or her part of the contract. 1 Chitty Pl., pp. 321 and 322.   In the case of Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614, it is held, that in order to sustain an action on a life insurance policy, upon general demurrer, or motion in arrest, or on error, the declaration must show the making of the policy, the conditions of the contract, the

performance of all conditions that plaintiff is bound to show were performed, and the happening of the contingencies upon which defendant becomes liable to pay, and the failure of defendant to pay.

For the error indicated, the judgment is reversed and the cause remanded, with instructions to sustain the demurrer to the declaration.

Reversed and remanded.