## Independent Order of Mutual Aid

### v.

### Emma J. Paine.

*Pleading and Practice—Demurrer—Waiver—Amendment—Evidence —Instructions—Error without Prejudice.*

1. Where a defendant demurs to a declaration, and after his demurrer is overruled, pleads over, he will be precluded from insisting upon arrest of judgment for insufficiency of the declaration.

2. Additional counts to the declaration may be filed at any time before final judgment.

3. A judgment will not be reversed for errors which do not appear to have worked injury to the appellant.

[Opinion filed May 27, 1887.]

Appeal from the Circuit Court of La Salle County; the Hon. Charles Blanchard, Judge, presiding.

Messrs. A. J. Hopkins, N. J. Aldrich and F. H. Thatcher, for appellant.

Messrs. L W. Brewer and John W. Blee, for appellee.

Baker, P. J. This is assumpsit upon beneficiary certificate issued by the Independent Order of Mutual Aid. The case was before us at a former term, and is reported in 17 Ill. App. 572. Before the filing of the remanding order in the Circuit Court the declaration was amended, and a demurrer to the amended declaration having been overruled the general issue and a plea of *non est factum* were interposed, and a jury trial of the issues formed thereon resulted in a verdict and judgment for appellees for $2,499 and costs.

There was no error in overruling the motion in arrest of judgment. Where a defendant demurs to a declaration, and after his demurrer is overruled, pleads over, he will be precluded from insisting upon a motion in arrest of judgment for

insufficiency of the declaration. If appellant deemed the amended declaration bad, it should have abided by its demurrer, and should not have admitted the sufficiency of the declaration by tendering issues on the facts.   2 Tidd's Practice, 918; Russel v. Whiteside, 4 Scam. 7; American Express Co. v. Pinckney, 29 Ill. 392; Quincy Coal Co. v. Hood, 77 Ill. 68. Besides this, we think the amended declaration was substantially good, and in conformity with the views expressed by this court upon the former appeal.   Probably it was wholly unnecessary for appellee to plead, by way of amendment to his declaration, two additional counts, intervening the decision upon the motion in arrest and the rendition of final judgment. In any event, the additional counts were for the same claim and cause of action for which the original suit was brought, and worked no surprise or detriment to appellant, and were merely amended statements of the plaintiff's case, and as such might, by express provision of statute, be filed at any time before final judgment.   It was not error in the court to permit them to be filed.

A very large number of quite technical objections were urged against appellee's right of recovery, but they seem to be wholly without merit or force.   In our opinion, the evidence supports and justifies the verdict.   The instructions of the court were as favorable to appellant as the nature of the case called for.   The rulings of the trial court upon the admission and rejection of testimony were, in some instances, perhaps, more unfavorable to appellant than they should have been, but we are unable to see that such rulings have worked an injury.   Upon the case as a whole, substantial justice has been done, and the judgment is affirmed.

*Judgment affirmed.*