JOHN SCHWEYER

v.

F. OBERKOETTER.

*Practice—Pleading—Error without Prejudice—Intoxicating Liquors—Dealer in—Negotiable Instrument—Assignment.*

1. Where a judgment has been set aside and the defendant, under a leave to plead to the merits only, files a good dilatory plea, the sustaining of a demurrer thereto is not such error as will reverse.

2. A discontinuance after verdict, as to one of two defendants sued jointly, is merely an amendment and does not entitle the other defendant to plead in abatement.

3. The assignment of a due bill payable in whisky or wine does not make the assignor a dealer in intoxicating liquors.

[Opinion filed July 2, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Mr. JOHN T. LILLARD, for appellee.

Appellant claims the discontinuance as to his co-defendant

made the cause a new suit as to him alone, the same as if he had been originally sued alone in McLean County and served in Cook County. There are two grave mistakes in his claim: First, it was not a new suit. Ill. Stat. Chap. 10, Sec. 2 and 24, last sentence; Thomas v. Fame Ins. Co., 108 Ill. 91; Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22; Dickson v. C., B. & Q. R. R. Co., 81 Ill. 215; Cogshall v. Beesley, 76 Ill. 445; Haynie v. C. & A. R. R. Co., 9 Ill. App. 105; Graham v. Fulford, 73 Ill. 596; U. S. Ins. Co. v. Ludwig, 108 Ill. 514; Black v. Womer, 100 Ill. 328.

Appellant, regardless of whether the original summons to him, or the manner or place of its service upon him, was regular and proper, or defective, irregular and void, had submitted himself and his cause to the jurisdiction of the court and was estopped by his own voluntary acts (to use the language of the statute), by "appearing and defending," not jointly with Welch, but by his own separate and individual pleas and evidence, the merits of his indebtedness to appellee.

Having entered his appearance and submitted to the jurisdiction of the court below, he is, according to the repeated decisions of our Supreme and Appellate Courts, as effectively bound by its proceedings and judgment as if he had resided in and had been served in McLean County. Herkimer v. Sharp, 5 Ill. App. 620; Bangor Furnace Co. v. Magill, 108 Ill. 656; Mix v. People, 106 Ill. 425; Mineral Pt. R. R. Co. v. Keep, 22 Ill. 9; Dunning v. Dunning, 37 Ill. 306; Mitchell v. Jacobs, 17 Ill. 295; O'Brien v. Haynes, 61 Ill. 494; Swift v. Lee, 65 Ill. 336; Fonville v. Monroe, 74 Ill. 126; Protection Life Ins. Co. v. Palmer, 81 Ill. 88; Lawrence v. Jarvis, 32 Ill. 304; Baldwin v. Murphy, 82 Ill. 485; Hibbard v. Holloway, 13 Ill. App., 101; Martin v. Judd, 60 Ill. 78; Long v. Trabue, 8 Ill. App. 132; Knott v. Pepperdine, 63 Ill. 219.

The only object of the Federal statutes, requiring dealers in liquor to take out license, is to impose a penalty on the party offending *for the purpose of revenue*, and not to vitiate a contract of sale, nor to protect the public, nor to promote public policy. Even if the sale was one which was tainted with ille-

gality, the point could only be made against the wrongful vendor and not against the vendee, Oberkoetter. But as the revenue law, which it is claimed was violated, was not to pro-tect the public, nor a police regulation, but for revenue only. it would not affect or vitiate a sale of liquor by an unlicenseq seller. Benjamin on Sales, 3d Edition, § 530 *et seq.* and notes; Larned v. Andrews, 106 Mass. 435; Smith v. Mawhood, 14 Mees. & W. 452; Aiken v. Blaisdell, 41 Vt. 655.

In no sense did Welch deal or traffic in intoxicating liquors by selling the negotiable note in question to appellee payable in wine or whisky. Our statute, Secs. 3 and 4 of Chap. 98, makes this note a negotiable instrument, though payable in an article of personal property. Being negotiable, the legal effect of the note was that appellant would pay to the payee, Welch, or to Oberkoetter, or to any other person as Welch's assignee of the note, the wine or whisky therein named. By the act of negotiating and transferring the note Welch sold, not whisky, but the paper or obligation to pay. If Oberkoet-ter sues Welch he can not, on this note, declare for wine or whisky, but for the money demand named in the note, $175. The suit at bar on this note is not and could not be for the personal property named in the note, but for the $175 named in the note. In the language of our Supreme Court, "the sum expressed indicates the true amount of the debt; the other provision is inserted for the benefit of the debtor and relates exclusively to the mode of payment. If he does not avail himself of the privilege of discharging the debt in property the obligation becomes a naked promise to pay the amount in money." Smith v. Dunlap, 12 Ill. 184; Vanhooser v. Logan, 3 Scam. 389; Bilderback v. Burlingame, 27 Ill. 338; Schnier v. Fay, 12 Kan. 184.

PLEASANTS, P. J. Judgment below was for plaintiff, appel-lee, on verdict for $175. The record presents no question affecting the merits, but several technical points of practice only.

Appellant, a liquor dealer residing in Chicago, delivered to Jeremiah Welch, of McLean County, his due bill, as follows:

"CHICAGO, Sept. 26, 1885.

"Due Jeremiah Welch $175, to be taken out in whisky or wine, at any time.                    JOHN SCHWEYER."

Welch assigned it to appellee with the following agreement indorsed: "In assigning this note to F. Oberkoetter, I hereby agree to be holden as, and assume the liability of, a surety or joint maker of the above note."

Appellee sued them as joint makers in assumpsit, upon a special count averring demand and refusal of the wine or whisky and the common counts, in the Circuit Court of McLean County. Process was personally served upon each of the defendants—Welch in McLean County and appellant in Cook. Both were defaulted for want of appearance and judgment thereon rendered against them. At the same term appellant afterward appeared by counsel and asked to have the default and judgment as to him set aside and for leave to plead, which was granted upon condition that he plead to the merits only. Thereupon he filed four pleas: 1. General issue; 2. Not jointly liable with Welch; 3. Failure of consideration; 4. That Welch had no license to deal in intoxicating liquors.

Demurrer was sustained to the second and fourth, and issues were joined on the first and third, which the jury found for the plaintiff. Defendant Schweyer entered his motion for a new trial. On plaintiff's motion the default and judgment taken against Welch was set aside and the suit discontinued as to him. Thereupon the defendant Schweyer in person moved the court for leave to plead in abatement that he was not a resident of nor served with process in McLean County, which was refused. The motion for a new trial was then also overruled and judgment entered upon the verdict against him.

He assigns for error that the court sustained the demurrers to his second and fourth pleas and denied his motion for leave to plead in abatement after verdict.

We see no vice in the second plea which would expose it to a demurrer. But under the circumstances appellant had no right to file it. It was in violation of the terms on which his default was set aside, for, though not technically in abatement, it was dilatory and not to the merits. The more correct prac-

tice, therefore, would have been to strike it from the files, but since the effect was the same the action taken by the court to produce it, though in strictness error, will not reverse the judgment. It did no harm to appellant; besides, the joint liability was not insisted on. The judgment was taken against him alone.

We think the fourth plea was bad. The assignment of the note by Welch was in no proper sense a dealing by him in intoxicating liquors. He had the right to receive payment in them, and the right to transfer that right evidenced by a negotiable instrument to his creditor.

Leave to plead in abatement asked after verdict upon issues nor pleas in bar, was rightly denied. Such a practice is wholly unknown, and the only ground on which the right was here claimed is that the discontinuance, as to Welch, after verdict made a new suit, in which there had been no verdict on plea. We hold it was an amendment only, expressly provided for by section 24 of the Practice Act, and that its allowance was proper and of itself, as proof, conclusively established the identity of the action.

*Judgment affirmed.*