## Patrick Chambers v. J. J. Beahan.

1. CONTINUANCE—*Sufficiency of Affidavit.*—An affidavit for a continuance which does not show sufficient diligence to obtain the attendance of a witness, or that his testimony would do more than corroborate the affiant's testimony upon an undisputed point, is not sufficient.

2. PRACTICE—*Pleading to an Amended Declaration.*—If, when a declaration is amended, the defendant desires to plead, he should ask leave to do so.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS B. WINDES, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

W. J. WATTS, attorney for appellant.

APPELLEE'S BRIEF, FLOWER, SMITH & MUSGRAVE, ATTORNEYS.

The affidavit for continuance was clearly insufficient. Richardson v. People, 31 Ill. 170; Eames v. Hennessy, 22 Ill. 628; Richards Iron Works v. Glennon, 71 Ill. 11; Rockford Insurance Co. v. Nelson, 75 Ill. 548; St. Louis & K. C. R. R. Co. v. Olive, 40 Ill. App. 82.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case, the plaintiff, Beahan, brought suit against the defendants, Patrick Chambers and Juliana Chambers, for money claimed as wages for superintending the erection of a building. Patrick Chambers admitted that he employed Beahan, but claimed that in so doing he was acting as the agent of John B. Skinner and G. H. Brady, who owned the building, and that he so informed the plaintiff at the time of employing him.

When the case was called for trial, the defendant, Patrick Chambers, asked for a continuance, and filed the affidavit of Patrick Chambers, setting forth that he had called at the office of Skinner, by whom he wished to prove the fact of his agency, and was informed that said Skinner was out of the city.

The affidavit did not show either sufficient diligence to obtain the attendance of Skinner or that his testimony would do more than corroborate appellant upon an undisputed point, viz., that Skinner told him, appellant, to employ appellee.

The jury were warranted in finding that appellant failed to inform appellee that he was being employed by Skinner and not by appellant. There was no evidence against Juliana Chambers and the case was, after verdict, properly dismissed as to her. The Independent Order of Mutual Aid v. Paine, 122 Ill. 625, and 23 Ill. App. 171; Tomlinson v. Earnshaw, 112 Ill. 311; Scheweger v. Oberkoetter, 25 Ill. App. 183; Cogshell v. Beesley, 76 Ill. 445; McCollom v. I. & St. L. Ry. Co., 94 Ill. 534.

If, when the declaration was amended by striking her

name therefrom, appellant wished to file a plea of non-joinder, he should have asked leave to do so. Not having made such application it is now too late for him to urge that he was deprived of an opportunity to have the cause tried upon such an issue.

In the case of Brown v. Tuttle, 27 Ill. App. 389, leave was asked to plead to the amended declaration. In the present case it is unnecessary in reference to the above authority to say more than that it is not applicable to this case wherein appellant did not ask to be permitted to plead to the declaration as amended.

The judgment of the Circuit Court is affirmed.