### Henry W. Christian v. Tyler & Hippach.

1. JOINT LIABILITY—*Of Husband and Wife—When Proof of, is Unnecessary.*—In an action against a husband and wife for the value of certain goods, the jury were instructed that it is not necessary for the plaintiff to show that the defendants are jointly liable, and if they believe from the evidence that either of the defendants are liable. they will find for the plaintiffs. *Held,* that the instruction stated the law correctly.

2. DISMISSALS—*After Verdict.*—It is proper to allow the dismissal of a suit as to one of several defendants even after verdict, where there is no evidence against such defendant.

**Transcript,** from a justice of the peace. Appeal from the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

E. G. LANCASTER, attorney for appellant.

GILBERT & GILBERT, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellees recovered a judgment before a justice against the appellant and his wife. They appealed.

On the trial in the County Court the appellees proved a sale of goods, on the order of the appellant alone, and the defendants (appellant and his wife) demurred to the evidence, which demurrer the court overruled and instructed the jury as follows:

" The jury are instructed, as law in this case, that it is not necessary for the plaintiff to show that the defendants are jointly liable in the above cause, and if they believe from the evidence that either of the defendants are liable, then they will find for the plaintiffs and assess their damages at the amount they believe from the evidence is due them."

That instruction is in accordance with the law held here in Touhy v. Daly, 27 Ill. App. 459.

After verdict for the appellees against both defendants, the appellees discontinued as to the wife, and took judgment against the appellant alone. The appellant can not now complain that injustice was thereby done to him, as his position here is, as it was in the County Court, that there was no evidence to charge her. The practice that such discontinuances may be entered is settled. Chambers v. Beahan, 57 Ill. App. 285.

A motion to apportion the costs was denied, but that any additional costs accrued by reason that she was joined in the suit does not appear.

There is little to induce a very anxious review of this judgment of $38 for a just debt, and it is affirmed.