## Jane M. Race v. Agnes R. Isaacson.

### Gen. No. 12,206.

1. TRIAL—*what does not show absence of defendant at.* The fact that the transcript of record does not show affirmatively that the defendant was present at the trial, does not necessarily show his absence at such trial and such a transcript should be supplemented by a bill of exceptions showing definitely what the fact was.

2. PLEAD DE NOVO—*what waives right to.* Going to trial without objection waives the right to plead *de novo* to a declaration which has been amended.

3. PLEAD DE NOVO—*when right to, does not exist.* The right to plead *de novo* does not exist where the declaration is amended with respect to an immaterial matter and the amendment is of such a character that might well be rejected as surplusage.

4. JUDGMENT—*when excessiveness of, cannot be reviewed.* The Appellate Court cannot consider an assignment of error that the judgment is excessive where there is no bill of exceptions in the transcript and the *ad damnum* and averments of the declaration are sufficient to sustain the judgment rendered.

Action of covenant. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 4, 1906.

**Statement by the Court.** Agnes R. Isaacson, the defendant in error, sued Jane M. Race, the plaintiff in error, in the Superior Court of Cook county, in an action of covenant.

The suit was begun August 22, 1902, but service was not obtained on the defendant Race until August 5, 1904.

September 23, 1904, a declaration was filed by the plaintiff Isaacson, alleging that on March 5, 1897, the defendant Race conveyed and warranted to her, Isaacson, certain real estate in Cook county, to-wit: Lot 6 in block 8, section 21, 40, 13, lot 19 in block 38, section 22, 40, 13, and lot 6 in block 40, section 22, 40, 13, all in the original subdivision of Irving Park; that the defendant by her deed covenanted with the plaintiff that she, the defendant, was lawfully seized of an indefeasible estate in fee simple in and to the said real estate and then had good right and full power to convey the same; that the said real estate was then free from all incumbrances, and that she, said defendant, warranted to the plaintiff the quiet and peaceable possession of the said real estate, and that she would defend the title thereto against all persons who might lawfully claim the same. The declaration then proceeded to allege the breach of the covenants in that defendant was not at the time of making and delivering the deed lawfully seized of an indefeasible estate in fee simple in and to said real estate, and had not then good right and full power to convey the same, and that said real estate was not then free from all incumbrances. It alleged that the defendant on February 8, 1897, before making said warranty deed to plaintiff, had made a trust deed of lot 6 in block 8 and lot 19 in block 38, together with other property, to one James H. Clark, as trustee, to secure $1,800, payable in two years, and that the said sum, with interest thereon, being due and payable and remaining unpaid, and the trust deed remaining a lien on said real estate, a suit was instituted and prosecuted in the Superior Court of Cook county to foreclose said trust deed, and such proceedings taken as resulted in the sale of said real estate under a judgment and decree of said court to satisfy the said indebtedness, and that on March 20, 1901, a deed was made and delivered to the purchaser of said real estate at said sale, conveying said real estate to him, and thereby the grantee in said deed acquired lawful title to said

real estate, and said plaintiff was evicted and kept out of
the possession of said real estate, and deprived of the same,
and was compelled to and did expend large sums of money in
defending said suit so instituted and prosecuted.

To this declaration the defendant, October 3, 1904,
pleaded that "she did not covenant in manner and form, etc."
January 17, 1905, on motion of the plaintiff's attorney,
leave was given the plaintiff to amend her declaration on its
face instanter, and thereupon the plaintiff filed a statement
of amendment. The amendment consisted of striking out
certain words in the description of the land alleged to be
conveyed and warranted by the defendant Race to the plain-
tiff Isaacson. Instead of the said description reading:

"Lot 6 in block 8, section 21–40–13, lot 19 in block 38,
section 22–40–13, and lot 6 in block 40, section 22–40–13,
all in the original subdivision of Irving Park," it read after
amendment:

"Lot 6 in block 8, lot 19 in block 38, and lot 6 in block 40,
all in the original subdivision of Irving Park."

Also on January 17, 1905, the record recites that the
cause was called for trial and the plaintiff came, "and there-
upon the court instructed the jury to find the issues for the
plaintiff and the jury found the issues for the plaintiff and
assessed her damages at the sum of Four Thousand Dol-
lars." Then follows the judgment of the court in favor of
the plaintiff against the defendant for $4,000 and costs.

There is no bill of exceptions, and of course nothing to
show on what evidence the verdict and judgment were ren-
dered.

A writ of error to the Superior Court was sued out of this
court February 21, 1905, by the defendant below, Jane M.
Race, and she has assigned for error here, in various forms,
the trial of the cause and the entry of judgment against the
defendant after allowing the plaintiff to amend her declara-
tion, without first entering a rule against the defendant to
demur or plead to said declaration as amended, and also the
entry of a judgment larger, as is alleged, than was claimed

by the special count of which said declaration as amended consisted.

CONSIDER H. WILLETT, for plaintiff in error.

P. H. BISHOP, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

We do not see how the plaintiff in error can secure the relief she seeks by this writ of error. It is true that in the judgment order shown in the record, it is recited "that the cause being called for trial, comes the plaintiff to this suit by her attorney, and issues being joined, it is ordered that a jury come, etc.," and nothing is said of the defendant's coming. On this the plaintiff in error bases the representation in argument that the hearing was in her absence and *ex parte* which counsel say was explained by the fact of his (counsel's) sickness. We doubt whether the omission specifically to recite the coming of the defendant when the jury were called, is equivalent to an assertion of the record that a defendant who is shown by it to have been served with process and to have pleaded to the declaration, was not present at the trial.

If the showing that the trial was without the personal presence of the defendant was essential to the establishment of the errors alleged by her, it seems to us that the recitals of the common law record should be supplemented by the affirmative statement of a bill of exceptions to that effect.

Unless it does appear that such trial was in the absence of defendant, it is evident that the case of the plaintiff in error must fail, for in that event it must be presumed that, having knowledge of the amendment of the declaration, she proceeded to trial without objection and without asking leave to plead further or differently. This would certainly be fatal to any right to object thereafter on the ground of a want of opportunity to do so. Wright v. Lessee, 1 Peters, 165; Chambers v. Beahan, 57 Ill. App., 285.

But assuming that the position of plaintiff in error is well taken in this regard, and that the record shows an *ex*

*parte* trial, it does not follow that she can now effectively complain of the allowance of the amendment or the trial without an order of specific notice of said amendment to her or a rule on her to plead again.

We need not pass on what the rights of the plaintiff in error might have been had the court below allowed a material amendment, changing the cause of action and the real questions to be decided, and involving some obvious inference that the defendant in the cause might wish to change her pleadings in answer, and then had, in the personal absence of the defendant, proceeded to trial without requiring any notice to her of the amendment. Whether such a situation would have involved an abuse of discretion which would have justified our interference with the judgment, is not the question here, for the amendment was formal. It was not material in any significant sense.

The lots in question alleged to have been warranted were simply curtailed of a superfluous description. Something is suggested in the argument of the plaintiff in error of a mistake in the original description and of more than one subdivision called Irving Park, but there is nothing in the record of this sort. Even the copy of the instrument sued on, the warranty deed, is not before us so that we can take cognizance of it. It is no part of the pleadings and is not shown by a bill of exceptions. It is very plain that by striking out the section numbers and the townships and ranges, and leaving the same lots and blocks as before, located as before, "all in the original subdivision of Irving Park," no change was made which required any new pleading or to which the plea on file was not just as fully an answer as it was to the original declaration. Under these circumstances, in which no right to plead *de novo* would have existed even if it had been claimed, it was not error to proceed to trial under the presumption which the law attached to the original appearance of the defendant in court, that she was constantly present until the judgment, and had notice of all that took place. Chicago & Eastern Ill. R. R. Co. v. O'Connor, 119 Ill., 586; Milwaukee Ins. Co. v. Schallman, 188 Ill., 213;

Chicago and Alton R. R. Co. v. Murphy, 198 Ill., 462; Niehoff v. The People, 171 Ill., 243; Sidway v. Marshall, 83 Ill., 438.

As to the second point made by plaintiff in error, that the judgment was excessive in amount, greater than claimed by the declaration or than could have been supported by proof, it is plain that we cannot entertain it. The *ad damnum* of the declaration was $5,000. The allegations were sufficient to show a liability. We have no means whatever, in the absence of a bill of exceptions, of knowing what evidence was presented which led the court to instruct the jury to find the issues for the plaintiff, or which led the jury so to find the issues and to assess the plaintiff's damages at $4,000.

But we must make all reasonable and necessary intendments and presumptions that they were sufficient to support the verdict and judgment.

The judgment of the Superior Court must be and is affirmed.

*Affirmed.*