## Nelson McCollom *et al.*

*v.*

## The Indianapolis and St. Louis Railroad Company.

1. Instruction—*whether it shuts out defence.* An instruction that the responsibility of a railroad company as a common carrier continued from the time stock were entrusted to it for transportation until the same reached their destination, in a suit to recover of the company for a loss and injury to the animals, is not open to the objection that it asserts an absolute liability, without regard to any defence set up by the defendant.

2. New trial—*newly discovered evidence.* Where newly discovered evidence is somewhat cumulative, and is quite inconclusive in its character, there will be no error in refusing a new trial on the ground of such newly discovered evidence.

3. AMENDMENT—*after overruling motion for a new trial.* Where a declaration against a carrier alleged that the defendant received sheep of the plaintiff, and contracted to transport them to "Elwood, Kan.," and the proof showed an agreement to transport to "Ellinwood, Kansas," it was held no error to allow an amendment of the declaration, by striking out the word "Elwood" and inserting the word "Ellinwood," even after overruling a motion for a new trial, when the motion to amend was made before deciding the motion for a new trial, the words being so nearly alike in sound that the proof could create no surprise.

APPEAL from the Appellate Court for the Third District; from judgment affirming judgment below, on appeal from the Circuit Court of Edgar county.

Mr. R. N. Bishop, and Mr. C. V. Jaquith, for the appellants.

Messrs. Sellar & Dole, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

It is insisted that the circuit court erred in giving the two following instructions for the plaintiff, viz:

"The court instructs the jury for the plaintiffs, that the Indianapolis and St. Louis Railroad Company, the defendant in this cause, is a common carrier and was acting in that capacity in October, 1875, and if the jury believe, from the evidence, that it then transported sheep for plaintiffs, such transportation was done as common carriers."

"The court also instructs the jury that the responsibility of the defendant continued. from the time said stock was entrusted to and received by it, if you find from the evidence such receipt of said stock, until said stock was delivered to plaintiffs by it at Ellinwood, Kansas, if the jury find from the evidence that the defendant contracted and agreed with plaintiffs to transport said stock from where it so received said stock to said Ellinwood, Kansas."

We do not perceive any substantial error in the instructions.

We do not view the second instruction in the same light that the argument of appellants' counsel does, to-wit: as asserting an absolute liability for the loss and injury in respect of the sheep if defendant received and contracted to transport them, irrespective of any defence which was set up by defendant. We think the instruction, fairly construed, means no more than that the responsibility of the defendant as a common carrier continued from the time the sheep were received for transportation until they reached their destination, and does not declare an absolute responsibility in the case for the loss and injury to the sheep.

It is further urged that the court erred in overruling defendant's motion for a new trial, made upon the ground of newly discovered evidence since the trial.

We regard the newly discovered evidence, as set forth in the affidavits of the persons expected to give it, as somewhat cumulative, and at any rate quite indecisive in its character. We find no error in this respect.

At the same time of overruling the motion for a new trial, but afterward in order, the circuit court granted a motion which had theretofore been made, by the plaintiff, to amend the declaration by striking out the word "Elwood" therein, and inserting in its place "Ellinwood." This is complained of, and that as the declaration, before the amendment, alleged a contract to carry to "Elwood," in the State of Kansas, and the contract proved, if any, was to carry to "Ellinwood," in that State, a new trial should have been granted because of such variance. *Idem sonans* will almost apply to these words, and there could have been no surprise in the proof. Under our very liberal statute for the allowance of amendments, either in form or substance, at any time before judgment rendered, we see no error in granting the motion to amend, or immediately previous overruling the motion for a new trial because of such variance.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*