ZENO SCHIRMEIER ET AL.

V.

ELIZABETH BAECKER.

1. PRACTICE—AMENDMENTS.—In an action on the case, defendants, failing to appear, were defaulted, and the plaintiff's damages were assessed by a jury at $250. Before final judgment defendants appeared by attorney and entered their motion in arrest of judgment, on the ground of misjoinder of counts, which motion was overruled, the plaintiff at the same time, by leave of court, amending her declaration by striking out the objectionable counts. Defendant then moved to set aside the verdict, and for leave to file a plea of not guilty *instanter*. *Held*, that the action of the court in overruling such motions and rendering judgment for plaintiff for $250 and costs was proper.

2. SAME—PRESUMPTION.—In support of the judgments of courts of general jurisdiction, the law will indulge in any reasonable presumption not rebutted by the record itself, and upon that principle it will be presumed that the court who heard the evidence would not have permitted the amendment above and given judgment on the other counts, if any portion of the evidence adduced before the jury had applied to any of the counts expunged.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed December 8, 1886.

Messrs. BLANKE & CHYTRAUS, for appellants; cited 1 Chitty on Pleading, 202; Dalson v. Bradberry, 50 Ill. 82; Bardill v. Trustees, 4 Bradwell, 93; Empire Fire Ins. Co. v. Real Estate Trust Co., 1 Bradwell, 391.

Mr. LOUIS WEBER, for appellee; cited Snyder v. Gaither, 3 Scam. 91; Lusk v. Cook, 1 B's B. 84; Ottawa G. L. Co. v. Thompson, 39 Ill. 599; Demesmey v. Gravelin, 56 Ill. 93.

BAILEY J. This was an action on the case, brought by Elizabeth Baecker against Zeno Schirmeier and Johanna Mueller for malicious prosecution. The declaration consisted of five counts. The first count alleged that the defendants maliciously and without probable cause appeared before George Kersten

a justice of the peace, and sued out a warrant for the arrest of the plaintiff, for an alleged violation of an ordinance of the city of Chicago, and maliciously and without probable cause procured the arrest and imprisonment of the plaintiff thereon. The second count was like the first, except that it alleged the suing out of the warrant before Max Eberhardt, another justice of the peace. The third count complained of a similar grievance committed by defendant Schirmeier alone, and the fourth and fifth counts complained of similar grievances committed by defendant Johanna Mueller alone.

The defendants were duly served with process, but, failing to appear, were defaulted, and the plaintiff's damages were thereupon assessed by a jury at $250. After the assessment of damages, and before final judgment, the defendants appeared by their attorneys and entered their motion in arrest of judgment, on the ground of the misjoinder of counts; which motion was overruled, the plaintiff at the same time amending her declaration, by leave of the court, by striking out the third, fourth and fifth counts. The defendant then moved to set aside the verdict, and for leave to file a plea of not guilty *instanter;* which motion was overruled, and the court thereupon rendered judgment in favor of the plaintiff for $250 and costs. The defendants bring the record here by appeal.

If the declaration had remained as originally drafted, there can be no doubt that the motion in arrest of judgment should have been sustained. Mr. Chitty lays down the rule as follows: "In actions by and against several persons, whether *ex contractu* or *ex delicto*, all the causes of action must be joint. Thus, a plaintiff can not, in a declaration against two defendants, state that one of them assaulted him, and in another part that the other assaulted him, or took his goods, for the trespasses are of several natures and against several persons, and they can not plead to the declaration." 1 Chitty on Pleading, 224. The same learned author, in discussing the consequences of a misjoinder of counts, says: "The consequences of a misjoinder are more important than the circumstance of a particular count being defective, for in the case of a misjoinder,

however perfect the counts may respectively be in themselves, the declaration will be bad on general demurrer, or in arrest of judgment, or upon error." Ibid. 228.

It can not be doubted, however, that it was within the discretion of the court, under our present statute, to permit the plaintiff to amend her declaration by expunging all the counts except those in which the defendants were jointly charged with malicious prosecution. After the amendment there was no longer any misjoinder of counts, and the only question is, whether any prejudice is shown to have been done the defendants by the amendment. The practical difficulty with the judgment if it had been rendered upon the declaration as it was originally drafted, aside from the impossibility of forming proper issues, would have been, that it could not have been determined from the record whether the damages which were assessed against both the defendants jointly, may not have been given in whole or in part for torts, of which one or the other was wholly innocent. Is such difficulty obviated by the amendment? We think it is. The evidence upon which the jury assessed the plaintiff's damages is not preserved in the record, and it is impossible for us to know to which count it may have applied, except by means of those presumptions which the law raises in support of the judgments of judicial tribunals. In support of the judgments of courts of general jurisdiction, the law will indulge in any reasonable presumption not rebutted by the record itself, and upon that principle it will be presumed that the court who heard the evidence would not have permitted the plaintiff to expunge from her declaration the last three counts, and take judgment on the other counts, if any portion of the evidence adduced before the jury had applied to either of the three counts so expunged. The record shows nothing to the contrary, and so it must be deemed to be established by legal presumption that the plaintiff's damages were assessed under the first and second counts, and that no damages were given by the jury under the other counts. We can not see, then, how the defendants are shown to have been prejudiced by the amendment.

We do not think that there was any error in refusing to

impose, as the terms upon which the amendment should be allowed, a vacation of the verdict with leave to the defendants to plead.   The imposition of terms on allowing an amendment, is largely within the discretion of the court.   The amendment in this case consisted merely in the abandonment of a portion of the plaintiff's declaration.   No new cause of action was introduced, nor was any cause of action already declared upon re-stated, so as to admit of the introduction of a different defense, or of any different line of evidence.   Assuming, as we must, that the evidence upon which the damages were assessed applied only to the first two counts, the plaintiff's right to abandon and dismiss the other counts was so much a matter of course, that there was no error in refusing to impose any terms whatever.

We are of the opinion that there is no error in the record, and the judgment will accordingly be affirmed.

Judgment affirmed.