LOUIS GOLDBERG, BY NEXT FRIEND, ETC.,

v.

MAX SCHRAYER.

*Master and Servant—Negligence of Master—Personal Injury—Promise to Replace or Repair—Pleading.*

1.   For defects in the declaration in a given case, of which no notice was taken upon trial, and which would have been amendable if objected to,

the jury should not be directed to find for the defendant, and he can not herein for the first time rely upon such defects to justify such direction.

2. The question of care or negligence under testimony going to show that a servant continued to work at a machine after complaining of its dangerous condition, upon his master's promise to repair or replace the same, is for the jury.

3. Such question does not become one of law, because of testimony of former similar promises of defendant not performed.

[Opinion filed November 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. B. M. SHAFFNER, for appellant.

Mr. JOHN C. KING, for appellee.

GARY, J. As this case is to be returned to the Superior Court for trial by another jury, no more comment upon the evidence will be made than is absolutely necessary to show why it is done.

As to the declaration, it is enough to say that for defects in it, of which no notice was taken at the trial, and which were amendable if objected to, the jury should not have been directed to find for the defendant, and therefore the appellee can not here, for the first time, rely upon such defects to justify that direction. Such defects might have been cured by amendment, even after verdict. Order of Mutual Aid v. Paine, 122 Ill. 625; McCollom v. Ind. & St. L. R. R., 94 Ill. 534; Schirmeier v. Baecker, 20 Ill. App. 373.

The testimony tended to prove that the appellant, when nineteen years of age, was injured by reason of a machine with which he was working for the appellee, being defective; that some two hours before his injury he called the attention of the appellee to the defect, who told the appellant to finish up the job he was at work upon, and then the appellee would get a new machine, or fix that one; that under that order and promise the appellant continued to work with the machine until he was hurt. Under that testimony, the questions of care or negligence of the parties respectively, were for the jury. Missouri Furnace Co. v. Abend, 107 Ill. 44.

Nor did the question as to the care or negligence of the appellant become one of law because of testimony of former similar promises of the appellee, not performed. Whether the appellant was excusable in relying upon the last promise in the definite form which was testified to, was for the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*