BUTTERNUT MANUFACTURING COMPANY, Respondent, vs. MANUFACTURERS' MUTUAL FIRE INSURANCE COMPANY, Appellant.

*November 10 — November 25, 1890.*

INSURANCE AGAINST FIRE: PLEADING. (*1*) *Mistake in setting out policy.* (*2*) *Forfeiture.* (*3*) *Matters within knowledge of defendant.* (*4*) *Conditions precedent: Performance.*

1. A complaint alleged that the defendant made and executed its policy of insurance and " did thereby insure the plaintiff against loss or damage by fire to the amount of $2,000," etc. In attempting to set forth the policy at length the name of the defendant was omitted therefrom, so that it appeared to state that the plaintiff insured itself; but, as so set forth, the policy appeared to have been duly executed by the defendant. *Held,* on demurrer, that the complaint was sufficient.

2. A forfeiture before a loss, by non-occupancy of the premises, is a matter of defense and need not be negatived in the complaint.

3. By the terms of the policy the amount of the loss was not payable until sixty days after the first meeting of the defendant's board of directors subsequent to the full completion of all the requirements of the policy. The complaint alleged that the plaintiff was unable to ascertain the date of such meeting, and that the defendant had absolutely refused to disclose the same. *Held,* sufficient to put the defendant to its defense.

4. The amount of the loss, by the terms of the policy, did not become due and payable until sixty days after proofs of loss had been furnished. The complaint alleged that proofs of loss had been furnished July 17, 1889, and that the amount of the loss was adjusted on that day at a certain sum; that said sum became due and payable September 17, 1889; that payment thereof had been demanded and refused; and that said sum was due and owing to the plaintiff. *Held*, that such allegations, together with a general averment of the performance of all of the conditions of the policy by the plaintiff, sufficiently showed that said sixty days had elapsed before the commencement of the action.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, the incorporation and organization of both the plaintiff and the defendant; that January 4, 1889, the plaintiff entered into an agreement with the defendant whereby, in consideration of an amount named, the defendant by its duly authorized agent did agree to insure this plaintiff against any loss or damage by fire upon the property therein described, and did by its duly authorized agents — to wit, its president and secretary — make and execute its policy of insurance in writing, and did thereby insure this plaintiff against loss or damage by fire to the amount of $2,000 upon the property described. The complaint then purports to give a copy of the policy and indorsements thereon. Portions thereof were as follows: "*Manufacturers' Mutual Fire Insurance Company.—* This policy of insurance witnesseth: That the *Butternut Manufacturing Company*, of Butternut, county of Ashland and state of Wisconsin, having given a premium note for the sum of $600, and paid the sum of $120, and agreed to pay all such sums as may be assessed on said note by the board of directors in accordance with the charter and by-laws of this company, and having given an application bearing even number and date herewith, and on file in the

office of this company, do insure, to the amount of $2,000, against loss or damage by fire," etc. Said policy, as therein set forth, closed as follows: "In witness whereof *The Manufacturers' Mutual Fire Insurance Company* have caused these presents to be signed by their president and attested by the secretary, in the city of Milwaukee, Wisconsin, this 4th day of January, 1889. J. P. RUNDLE, President. JOHN G. HIRSCH, Secretary."

Among the stipulations on the back of said policy are these, to the effect that when a fire has occurred, injuring the property described, the insured shall give immediate notice of the loss in writing to the company; that it shall be optional with the company to repair, rebuild, replace, or restore the property lost or damaged within a reasonable time, giving notice of their intention so to do within sixty days after receipt of the proofs herein required; that as soon after the fire as possible a particular statement of loss shall be rendered to the company; that claims for loss shall not be due or payable upon this policy until sixty days after the first meeting of the board of directors held subsequent to the full completion of all the requirements herein contained; that it is mutually agreed that no suit or action against the company for the recovery of any claim by virtue of the policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within twelve months after the fire shall occur.

The complaint further alleges that said policy was delivered to the plaintiff at or about the time of its execution, and the plaintiff is now the owner and holder thereof; that June 24, 1889, the property so insured was totally destroyed by fire without any fault or negligence on the part of the plaintiff, or by or through any cause excepted in said policy; that the property so destroyed was at the time reasonably worth $8,000; that the plaintiff has performed all the conditions required to be performed by it, by the terms of said

Butternut Mfg. Co. vs. Manufacturers' Mutual Fire Ins. Co.

policy, according to the terms thereof and at the time and in the manner therein required; that the plaintiff was the owner of the property at the time it was so destroyed; that immediately after said fire occurred the plaintiff gave notice of the loss thereof to the defendant in writing; that July 17, 1889, this plaintiff did furnish to said defendant full and complete proofs of such loss, signed and sworn to by the officers of this plaintiff corporation, according to the requirements of said policy; that on or about July 17, 1889, the defendant's duly authorized agent did adjust and determine with this plaintiff, fully, and on behalf of said defendant, the amount of said loss and damage, and the same was so agreed upon by this plaintiff and said defendant through its duly authorized agent, and settled at the sum of $1,792.98; and that said defendant, by its duly authorized agent, agreed to pay said amount within the time specified in said policy.

The complaint further alleges that this plaintiff is unable to ascertain at what date the first meeting of the board of directors of said defendant corporation was held subsequent to the time at which said proofs of loss were furnished to said defendant as aforesaid; that the plaintiff has requested said defendant to furnish to it the date of said meeting, but the defendant absolutely refused to do so, and this plaintiff has no means whereby he can ascertain the same; that the defendant has made no objection to said proofs of loss, so furnished, but has ever since said time retained the same, and has at no time demanded any other or further proofs or made any objection as to the sufficiency of the proofs so furnished; that the said sum of $1,792.98 became due and payable to this plaintiff from said defendant on September 17, 1889, and that this plaintiff has demanded payment thereof, which payment has been refused by said defendant; that there is now due and owing to this plaintiff from said defendant the sum of $1,792.98, with interest thereon from September 17, 1889, for which sum, together with the costs

of this action, this plaintiff demands judgment against said defendant.

To that complaint the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. From an order overruling that demurrer the defendant appeals.

For the appellant there was a brief by *Stark & Sutherland*, and oral argument by *G. E. Sutherland*. 1. When a complaint sets forth a contract in full it must state every fact and disclose every element material to a cause of action thereunder. It cannot be helped out by general allegations of indebtedness or of similar nature, for these are mere conclusions of law to be derived from the contract and the facts alleged. *State v. Citizens' Ins. Co.* 71 Wis. 414–415; *State v. Egerer*, 55 id. 529; *Teetshorn v. Hull*, 30 id. 162; *Doyle v. Phœnix Ins. Co.* 44 Cal. 264; *Flanagan v. Camden Mut. Ins. Co.* 25 N. J. Law, 506. And specific allegations of fact control general allegations. *Baker v. German F. Ins. Co.* 124 Ind. 490. 2. If the policy is correctly set forth in the complaint it needs an action in equity to reform it before an action at law can be maintained upon it. 3. The policy stipulates that "if the premises shall become vacant and unoccupied . . . this policy shall become void." This made it necessary to aver that the premises were occupied down to the time of the fire. *Ætna Ins. Co. v. Black*, 80 Ind. 513, 516. 4. The complaint does not show that anything was due and payable, under the terms of the policy, at the commencement of the action. It does not allege the lapse of any time after the loss. *Carberry v. German Ins. Co.* 51 Wis. 605, 608; *Quinn v. Capital Ins. Co.* 71 Iowa, 615–616.

For the respondent the cause was submitted on the brief of *Cate, Jones & Sanborn*.

CASSODAY, J. It is claimed that by the terms of the policy as set out in the complaint there is no agreement on the

part of the defendant to insure the plaintiff; that the only agreement therein is that the plaintiff company, having secured and in part paid the premium, "do insure," etc. The substance of what is thus contained in the policy is indicated in the foregoing statement. It is very manifest that the name of the insurance company in the fore part of the policy has inadvertently been omitted in copying the same into the complaint. Counsel claim that such inadvertent omission cannot be aided by the portions of the complaint alleging the legal effect of the contract of insurance. But such allegations as to the legal effect of the contract are complete in themselves, and are admitted by the demurrer. The whole scope and purpose of the complaint is to charge liability upon a contract of insurance which purports to have been executed by the insurance company by its president and secretary. Such being the nature of the complaint and the allegations therein, it would be absurd to hold that by reason of the inadvertent omission mentioned it was not the insurance company that thus agreed to insure the plaintiff, but that the plaintiff paid the premium for the privilege of insuring itself. This view does not militate against the authorities cited; nor do we think it is in conflict with any rule of pleading in force in this state. If the defendant regarded the complaint indefinite and uncertain in the particular mentioned, then of course the remedy was by motion.

If the policy became forfeited before the fire by reason of non-occupancy, then that was a matter of defense not available for want of negative allegations in the complaint. *Benedix v. German Ins. Co., ante*, p. 77.

It is true that by virtue of a certain clause of the policy the amount of the loss was not due or payable until sixty days after the first meeting of the defendant's board of directors subsequent to the full completion of all the requirements of the policy. But the time of such meeting was peculiarly within the knowledge of the defendant, and it

is alleged that the defendant absolutely refused to disclose the same to the plaintiff. The allegations in that regard are sufficient to put the defendant to its defense. *Burnham v. Milwaukee,* 69 Wis. 379.

It is true that under certain clauses of the policy set forth in said statement the amount of the loss did not become due and payable until sixty days had elapsed after the plaintiff had furnished proofs of loss. Counsel insists that it does not appear from the complaint that such period had elapsed before the commencement of this action. We think, however, that it does so appear. It is alleged, in effect, that full and complete proofs of loss were furnished to the defendant July 17, 1889; that on that day the amount of such loss and damage was adjusted by the defendant with the plaintiff at $1,792.98, and the same was so agreed upon by the parties, and that the defendant then agreed to pay that amount within the time specified; that no objection had been made to the proofs so furnished, nor other nor further proofs demanded; that the sum last named became due and payable to the plaintiff from the defendant September 17, 1889; that the plaintiff had demanded the payment thereof, which the defendant refused; and that said amount was due and owing to the plaintiff from the defendant. Such allegations, with the general allegation of performance found in the foregoing statement, sufficiently showed that the sixty days had fully elapsed before the commencement of this action, and that all conditions precedent had been performed, within the rules repeatedly sanctioned by this court. *Benedix v. German Ins. Co., ante,* p. 77.

*By the Court.*— The order of the circuit court is affirmed.