# THE WEBER WAGON COMPANY
## v.
## PETER KEHL.

*Master and Servant—Negligence of Master—Personal Injuries—Smooth and Slippery Floor—Promise to Change—Contributory Negligence—Evidence—Practice.*

1. Only experts are competent to speak as to the kind of floor from which a given machine should be operated, or as to whether a servant's methods in doing a given work, were negligent.

2. Complaint to the foreman under whom a servant works, of a dangerous appliance, is proper, and upon his promise to repair or replace the same, the servant has a right to rely.

3. Remaining at work about fifteen days after a promise to repair a slippery floor, is not such an unreasonable length of time as to charge a servant with knowledge that there was no intention to change the same.

4. Evidence that the defective agent was changed after an accident, should not be received.

5. Upon which side the preponderance of the evidence is in a given case, is a question for the jury.

[Opinion filed June 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. WING, STOUGH, CARTER & QUALEY, for appellant.

Messrs. ELA & GROVER, for appellee.

WATERMAN, J. This was an action brought by appellee, to recover damages, by him sustained, by the cutting off of his hand.

The declaration sets forth that while the plaintiff was an employe of the defendant, and was exercising due care in operating for the defendant a machine known as a shaper, by reason of the negligence of the defendant in allowing the floor upon which he, plaintiff, stood while running said machine, to become dangerously smooth and slippery, and so remain after the promise of the defendant to the plaintiff made, that it would fix said floor, he, the plaintiff, unavoidably slipped and fell upon said machine, and then and thereby, by reason of such negligence, his left hand was cut and torn off.

It appeared in evidence that the plaintiff had complained of the slippery condition of the floor; that the complaint was made to defendant's foreman, under whom plaintiff worked; that the foreman promised that he would have the floor fixed; that this occurred two or three times.

There was also evidence that he spoke to the superintend-
ent of the corporation about the dangerous character of the
floor, and that the superintendent said he would see about it,
and that appellee continued to remain working said machine
for fifteen days after this complaint. There was a good deal
of evidence as to whether a maple or pine floor is the best
for a person to stand upon while working such a machine.

Appellee testified that he had made use of both resin and
sand to make this floor less slippery, and that the accident
was caused by his slipping and falling upon the machine.

Appellant contends that the slippery floor was not the cause
of the accident; that the accident was the result of the negli-
gence of appellee in operating the machine. The jury have
found otherwise, and there was evidence to sustain their con-
clusion.

Appellant's principal contention is, that there was no evi-
dence of any negligence on the part of the defendant,
because it insists that the testimony shows that a maple floor,
the one in use, is really the best kind of floor; that all floors
are more or less slippery, and that the one in question was
the most approved kind for such a purpose. As to this there
was a contrariety of opinion and testimony, and we do not
think that we can say that the evidence is of such a character
that we ought to set aside the verdict of the jury in this
regard.

Some acts are such that all people of fair intelligence may
justly characterize them as negligent or the reverse; but only
experts are competent to speak as to the kind of floor from
which a shaper should be operated. The members of this
court have had neither observation nor experience which quali-
fies them to express an opinion upon this matter; it may be
that they would not have come to the conclusion the jury did
upon this evidence, but it is impossible for them to know that
the jury were wrong, and the evidence was such upon this
point as to leave the jury free to come to the conclusion
which they did.

We do not think that appellee remained at work after the
promise to fix the floor, an unreasonable or for such a length
of time as to charge him with knowledge that there was no

intention to change the matters of which he complained; and it seems to us that the foreman under whom he worked was a proper person to make complaint to, and one on whose promise to fix the floor he had a right to rely.   Hough v. Railway Co., 100 U. S. 213, 224; Patterson v. Pittsburgh R. R., 76 Penn. St. 389; Missouri Furnace Co. v. Abend, 107 Ill. 44; Goldberg v. Schrayer, 37 Ill. App. 316.

The testimony of appellee that he "was not careless," the admission of which it is urged was error, appears to have afterward been stricken out.

Evidence that the floor was changed after the accident, ought not to have been admitted (Hodges v. Percival, 132 Ill. 53); but the evidence as to this was of such a character that it was harmless, being not that the defendant had changed the floor, but that the new employe, Mr. Sunday, had fixed it to suit himself, as is customary with shapers, some liking one thing and some another.

What we have already said applies to the evidence as to the alleged negligence of appellee.   If the fact as to what appellee actually did, the way he held the wood he was shaping, was clear, whether in so doing he was negligent or careless, would be a matter concerning which only experts would be competent to express an opinion.

As is quite customary in personal injury cases, the experts do not agree as to this.   The law has committed to the jury the task of deciding between these conflicting opinions; and the acts shown in this case are not of that character that the statement of them warrants this court in saying that the jury came to a wrong conclusion.

If the question were submitted to us we might perhaps say, as to some of these things, that the preponderance of the evidence was with appellant; but upon which side is the preponderance of the evidence, is a question for the jury.

Some evidence was admitted that we think should not have been, but we do not think that appellant was prejudiced thereby; the instructions fairly state the law applicable to the case; the verdict is less than was to have been expected, and the judgment based thereon is affirmed.

*Judgment affirmed.*