## Illinois Steel Company v. John Mann.

1. MASTER AND SERVANT.—*Reliance by the Servant upon Promises of the Master.*—When the danger of a service is increased by the machinery becoming unprotected, either by accident or from any other cause, the servant complains and the master promises that the protection shall be restored, it must be considered that the master takes upon himself the responsibility of any accident that may occur during the period.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

E. PARMALEE PRENTICE, attorney for appellant; WILLIAMS, HOLT & WHEELER, of counsel.

Even a promise to repair does not relieve an employe from the assumption of hazard where the danger arises from the

ordinary use of familiar agencies. District of Columbia v. McElligot, 117 U. S. 621; Bailey on Master's Liability, 209, 210, 211; Marsh v. Chickering, 101 N. Y. 396; 5 N. E. Rep. 56; Corcoran v. Gas Light Co., 81 Wis. 191; 51 N. W. Rep. 328; Gowen v. Harley, 56 Fed. Rep. 973; Tuttle v. Railway Co., 122 U. S. 189; Richards v. Rough, 53 Mich. 212; 18 N. W. Rep. 785; Hayden v. Mfg. Co., 29 Conn. 548.

A definite promise relied on for a reasonable time does not absolutely relieve plaintiff from the assumption of hazard as a matter of law, but raises a question for the jury, which in this case the court refused to submit to the jury and ruled as a matter of law. Anderson Pressed Brick Co. v. Sobkawiak, 148 Ill. 573; Counsell v. Hart, 145 Mass. 468; Beach on Contributory Negligence, Sec. 372, note 3; District of Columbia v. McElligot, 117 U. S. 621; Gulf, etc., R. R. Co. v. Donnelly, 70 Tex. 371.

GEORGE B. FINCH, attorney for appellee.

It is the implied duty of the master to provide reasonably safe tools and appliances for the use of his servants, and also a reasonably safe and proper place for the servants to perform their work. Missouri Furnace Co. v. Abend, 107 Ill. 44; Hess v. Rosenthal, 160 Ill. 162; C. & N. W. Ry. Co. v. Swett, 45 Ill. 197; C. & N. W. Ry. Co. v. Jackson, 55 Ill. 492; M. & O. R. R. Co. v. Godfrey, 155 Ill. 78; I. & St. L. R. R. Co. v. Whalen, 19 Ill. App. 116; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Pa. Co. v. Lynch, 90 Ill. 333; Fairbanks v. Haentzsche, 73 Ill. 236.

In case a servant discovers that his employment has become more than ordinarily dangerous through defects in machinery or appliances used in the work, or in the place provided by the master in which to do the work, whether the defect is the result of accident or decay, it is the servant's duty to notify the master of such increase of danger and quit the employment unless the master promises to remedy such defect, and, if he does so promise, the master thereby takes upon himself the responsibility of any accident caused by such defect. Missouri Furnace Co. v. Abend, 107 Ill. 44.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was in the service of the appellant, and the place where he worked as a heater in a rolling mill was upon a floor of cast iron plates in front of a furnace. Under the influence of damp earth underneath and heat above, the plates warp, the edges become lower than the middle, and the plates, especially in the middle, by wear become very smooth. That the floor was dangerous for the appellee to work upon is not denied, but it is said that it was impossible to make it otherwise. Of that assertion there is no proof. It is only proved that with such plates as were used, and a leaky roof overhead, the floor could not be kept level. There is no evidence of whether better conditions might have brought better results.

The appellee fell on the floor and sustained very severe injuries. He sued and has recovered. The amount of the recovery is not in question.

The ground upon which he recovered, is, that the foreman had promised to fix the floor, and we take from the brief of appellant what the appellee does not dispute :

" Plaintiff says that he had frequently gone to Smith, the foreman, and had told him that the standing was dangerous to work on.

Q. What reply, if any, did he give you? A. Well, he would make an offish reply of some kind, said he would fix it; wait till Sunday.

Q. Did you speak to him more than once about it? A. Oh, yes; quite a number of times.

Q. How long prior to the accident had you spoken to him about it, the last time ? A. A couple or three weeks.

Q. What did he say at that time ? A. The same old story, that he would fix it Sunday.

Q. Did they fix it? A. Or something of that kind. All the fixing they ever did was just to move the same old plates and put a little dirt under one end, and by the time the week would be out, it would be down again; they never could make it level.

Q. What were the conversations there between you and

Smith, we will take the last one you had with him? A. Well, I couldn't swear what they were.

Q. Well, the substance of them? A. The substance of them was that he could not repair them just at that time, but he would in time; something to that effect; he would see they were fixed.

Q. State whether or not you placed any reliance upon what he said about making repairs there? A. I could not say whether I placed much reliance upon the man's word or not, but I supposed it would be fixed; I did not expect they would keep them plates in that condition much longer."

This is absolutely all the testimony there is in the record on the subject of the supposed promise.

The conclusion of the appellant that "it must be admitted that the testimony is very vague," seems to be just.

We omit consideration in detail of the testimony as to what care the appellee was himself exercising at the time of the accident.

It does not appear in the narrative of his conduct, that there was in it, any want of ordinary care.

The promises were as specific or definite as in Weber Wagon Co. v. Kehl, 40 Ill. App. 584, where a recovery was sustained in this court and the judgment affirmed by the Supreme Court in 139 Ill. 644, with the statement that "there was evidence tending to support the allegations of plaintiff's declaration."

As there is in this case no counter evidence, there is no question of preponderance of evidence, and the opinion of the Supreme Court in the Kehl case is applicable.

Without further reference to the evidence, we hold that the requests of the appellant for peremptory instructions to find it not guilty upon the several counts of the declaration, were properly refused.

The appellant asked a long instruction, the pith of which is that the appellee was justified in continuing his work upon the floor, after promises to repair, "only for such length of time thereafter as would be reasonably sufficient to enable the" appellant "to remedy the defect."

We understand that the reasonable time is not that in which the repairs could reasonably be made, but such time as it may be reasonable for the servant to rely upon the promise to repair, without being himself guilty of negligence, barring a recovery.

This is the rule explicitly stated in Counsell v. Hall, 145 Mass. 468, and printed in italics in appellant's brief.

Indeed, if we follow the words of Holmes v. Clarke, 6 Hurl. & Nor. (Exch.) 348, apparently approved the second time by the Supreme Court in Anderson Pr. Br. Co. v. Sobkowiak, 148 Ill. 573 (there cited wrongly as from Vol. 7 instead of 6), the rule goes much farther in favor of the servant; for it is there said, " if, during a period when the danger of the service is increased by the machinery becoming unprotected, either by accident or from other cause, the servant complains, and the master promises that the protection shall be restored, it must be considered that the master takes upon himself the responsibility of any accident that may occur during that period."

In effect, the court adopted that doctrine in instructing the jury as follows :

" That if they should find that the foreman of the defendant promised the plaintiff to repair the floor and that by such promise, if they should find the same was made, the plaintiff was led to believe and expect, and did believe and expect, that the said floor would soon be repaired, and that the plaintiff was thereby induced to continue in such employment up to the time he was injured, and further, that while in the exercise of ordinary care for his safety he was injured by reason of the broken, uneven, slippery and dangerous condition of the floor, then you should find the defendant guilty."

We are not satisfied that the instruction is correct; but if it be error, the Supreme Court will detect it.

We do not feel warranted to say that a doctrine apparently deliberately twice sanctioned by the Supreme Court is wrong.

The judgment is affirmed.