THE MILWAUKEE MECHANICS' INSURANCE COMPANY *et al.*

*v.*

MAX SCHALLMAN, for use, etc.

*Opinion filed December 20, 1900.*

1. TRIAL—*when court may refuse to allow defendant to plead to amended declaration.* If, after verdict and while a motion in arrest of judgment is under advisement, the court permits the plaintiff to amend the declaration, it is not error to refuse to allow the defendant to plead to the declaration as amended, where the plea of the general issue is already on file and the amendment is not of a material matter which would require the introduction of any new proof.

2. INSURANCE—*notice of demand for appraisal may be served on agent.* Notice of demand for appraisal or arbitration is sufficiently given when served upon an agent of the insurer who is empowered to solicit insurance, issue policies and collect premiums.

3. SAME—*general agent may waive conditions of policy.* A general agent clothed with power to solicit insurance, receive and forward applications, receive and deliver the policies and collect premiums, has power to waive a condition of the policy, notwithstanding the terms of the policy and of his contract of employment.

4. SAME—*whether agent has apparent authority to bind company is for the jury.* Whether an insurance agent has apparent authority to represent the company in the adjustment of the loss or to accept service of the notice of the demand for arbitration, under the conditions of the policy, are questions to be determined by the jury from all the facts and circumstances proven.

*Milwaukee Mechanics' Ins. Co.* v. *Schallman,* 90 Ill. App. 280, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is an action of assumpsit, begun on February 19, 1898, upon a fire insurance policy issued by appellant to the appellee, Max Schallman. The policy is the standard form, and insures the property of appellee against loss by fire to the amount of $1000.00 from October 6, 1897, to October 6, 1898. The property insured was a stock of merchandise in the building known as 124 Franklin street in Chicago.

The *præcipe* was filed in the superior court of Cook county on February 19, 1898, and the summons was issued from that court on February 19, 1898. The summons was served on February 24, 1898. The declaration was filed on February 25, 1898. The declaration recites the issuance of the policy and sets it forth *in hæc verba.* It alleges that, on October 12, 1897, appellee, Max Schallman, was the owner of a stock of goods and fixtures, valued at $15,187.48, in the building aforesaid, and that the property so insured was destroyed by fire on October 12, 1897; that notice was given to the appellant of the fire, and proofs of loss were furnished to it on that day; and that appellee duly performed all the acts and things required of him by the policy, but the appellant failed to pay, etc. On March 8, 1898, a plea of the general issue was filed to the declaration. On February 28, 1899, the cause came on for trial before the court and a jury, and, before the beginning of the trial, the appellee, by leave of court, filed an amended declaration, alleging that the defendants waived the performance of and a compliance with that part of the policy, requiring the ascertainment or estimate of loss by the plaintiff and the defendants, and, in case of their differing, an appraisal thereof by appraisers. It was ordered by the court, that the plea of the general issue already filed by the defendants should stand as a plea to the declaration as amended.

The trial of the cause resulted in a verdict for $1000.00 in favor of appellee. Before the return of the verdict, instructions were given to the jury on behalf of both the plaintiff and defendants below. At the close of plaintiff's evidence, the defendants requested the court to instruct the jury that the plaintiff was not entitled to recover, and that they should return a verdict for the defendants, but the court overruled the motion to give said peremptory instruction, and exception thereto was taken by the defendants. Before argument to the jury was commenced, the defendants asked the court to instruct the jury that

the plaintiff was not entitled to recover, and that they should return their verdict for the defendants; but this instruction the court refused to give to the jury, and to such refusal the defendants then and there duly excepted.

At the time of giving the instructions, asked for by the defendants, the court, at the request of the defendants, submitted certain special interrogatories to the jury, to which the jury, with their general verdict, returned answers. By their answers to these interrogatories the jury specially found, that the cash value of the goods, entirely destroyed by the fire in question, not including tables, shelving and other fixtures, was $13,-532.88; that they believed from the evidence that the actual damage by reason of the said fire to the goods of the plaintiff not wholly destroyed, (not including tables, shelving or other fixtures), was $1843.32; that they believed from the evidence that the plaintiff, in his affidavit of loss rendered to the defendants, claimed the amount of his loss and damage by fire to the goods in question (not including tables, shelving or other fixtures) was $15,376.20; and that they did not believe from the evidence that the plaintiff, in his affidavit of loss and his claim against the defendants, knowingly and intentionally stated and claimed the loss and damage by the fire in question to have been materially greater than he knew such loss and damage actually were.

A motion for new trial was made by the defendants and overruled; and, on the same day upon which the said motion for new trial was overruled, to-wit, May 6, 1899, the defendants moved the court to arrest the judgment upon the following ground, to-wit: "That the declaration is not sufficient in law and that the facts therein stated do not constitute any cause of action." While said motion in arrest of judgment was under advisement by the court, and on May 8, 1899, the plaintiff asked leave of the court to amend his declaration, to the granting of which leave by the court the defendants then and there

objected, but their objection was overruled and leave was granted to file instanter said amendment to the declaration, to all of which the defendants then and there duly excepted. Upon the filing of the amendment the defendants at once asked leave of the court to plead to the amendment and to the declaration as amended, and demanded a trial by a jury upon the declaration as amended, which demand was denied by the court; and to the denial thereof the defendants then and there excepted. Thereupon, the court overruled the motion of the defendants in arrest of judgment, to which the defendants then and there duly excepted. Thereupon, the court rendered judgment upon the verdict in favor of plaintiff against the defendants for $1000.00, with costs, and ordered that execution issue therefor. An appeal was prayed from this judgment to the Appellate Court, where the judgment has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

The declaration, in the last sentence thereof, made the following allegation: "Yet the said defendants, although often requested, and though more than sixty days have elapsed since the delivery of said proofs of loss, have not paid the said money or any part thereof to the plaintiff, but to pay the same have neglected and refused to the damage of the plaintiff of $1500.00 and therefore he brings suit," etc. The amendment, which the court allowed the plaintiff to make to the declaration after the motion in arrest of judgment had been made, but before it was decided, was as follows: The insertion therein, before the words, "yet the said defendants, although often requested," etc., of the following words, to-wit: "And plaintiff alleges that the delivery of said proofs of loss as aforesaid was more than sixty days before the commencement of this action."

R. W. BARGER, (ERNEST H. HICKS, of counsel,) for appellants.

FELSENTHAL & FOREMAN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first point, presented by counsel for the appellant in their argument, is that the trial court erred in refusing to the defendants below the right to plead to the declaration as amended after verdict.

The policy of insurance, upon which this suit is brought, contains the following provisions, to-wit: "The amount of loss or damage having been thus determined, the sum, for which this company is liable pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. * * * And the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company," etc. The declaration, as originally filed, is claimed to have been defective, because it did not aver that sixty days had elapsed after the delivery of the proofs of loss to the appellant and prior to the commencement of the action. The allegation in the declaration, which is expressed in the following words: "and though more than sixty days have elapsed since the delivery of said proofs of loss," is said to mean, that more than sixty days elapsed after the delivery of said proofs of loss before the filing of the declaration. In other words, the defect is alleged to consist in averring that sixty days elapsed between the delivery of the proofs of loss to the appellant and the filing of the declaration. It is said that the declaration should have averred that sixty days elapsed between the delivery of the proofs of loss and the commencement of the suit. The amendment, which the court allowed to be filed, cured this defect. Did the court err in allowing the amendment to be made at the time when

it was made, and in refusing to allow the appellant to file additional pleas thereto?

Section 23 of the Practice act provides, that "at any time before final judgment in a civil suit, amendments may be allowed * * * in any matter, either of form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3000). Section 1 of the act in regard to Amendments and Jeofails provides: "That the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 375).

The amendment to the declaration here, although made after verdict, was made before the rendition of final judgment in the case. Therefore, under the very liberal statutory provisions above quoted in regard to amendments, the court unquestionably had power to permit the amendment in question to be made. In view of these statutory provisions this court, in a number of decisions, has sanctioned amendments to declarations during the pendency or after the overruling of a motion for a new trial. (*McCollom* v. *Indianapolis and St. Louis Railroad Co.* 94 Ill. 534; *Order of Mutual Aid* v. *Paine,* 122 id. 625).

The material consideration in applications to amend the declaration after verdict is, whether or not the defendant is thereby taken by surprise, or is in any way prejudiced or injured by the amendment. In *McCollom* v. *Indianapolis and St. Louis Railroad Co. supra*, the court in permitting such an amendment to be made, after a motion for a new trial had been overruled, said: "There could have been no surprise in the proof. Under our very liberal statute for the allowance of amendments, either

in form or substance, at any time before judgment rendered, we see no error in granting the motion." In *Order of Mutual Aid* v. *Paine, supra*, the court, in permitting an amendment to be made to the declaration by the filing of two additional counts after the verdict had been returned, and pending a motion for a new trial, said: "This is complained of and urged as a ground for reversal. The point is not well taken. It is manifest the defendant was not prejudiced by it. The only possible effect it could have had was to so perfect the declaration, as to enable the plaintiff to recover on the claim for which the action was intended to be brought, and this the court clearly had the right to allow to be done, by the express provision of the 24th (23d) section of the Practice act. Had the new counts been based upon some new cause of action, and evidence heard in support of them, quite a different question would be presented; but nothing of that kind is claimed, nor is there any ground for such a claim."

In the case at bar, the declaration alleges that, on October 12, 1897, the property was consumed by fire, "of which loss the said plaintiff forthwith gave notice to the defendants in writing, and, as soon as possible thereafter, to-wit, on the same day, delivered to the defendants" the proofs of loss, etc. The declaration then avers, that the plaintiff "did duly perform all the acts and things required of him by said policy, and the defendants then and there received and accepted said proofs of loss as satisfactory, and waived all objection thereto." Then follows the closing sentence of the declaration, quoted in full in the statement which precedes this opinion. (*Butternut Manf. Co.* v. *Manufacturers' Mutual Fire Ins. Co.* 78 Wis. 202; *Benedix* v. *German Ins. Co.* id. 77).

The proofs in the case establish conclusively, that the proofs of loss were delivered to the appellant on November 27, 1897, and on December 7, 1897. The delivery thereof to appellant, as shown by the undisputed testimony, was not later than December 7, 1897. The present suit

was not begun until February 19, 1898, and, therefore, more than sixty days elapsed between the delivery of the proofs of loss and the commencement of this action.

That appellant was not injured by the amendment, which was allowed to be made, is apparent from the fact that, if an additional plea had been allowed to be made and a jury had been called, no other proof upon this subject could have been introduced than that which was already in the record, and no other case could have been made than that which was already presented by the record.

In this State it has been held, and is now the settled rule, that an action at law is commenced by the issuance of the summons in the case. In *Feazle* v. *Simpson*, 1 Scam. 30, we said: "The issuing of a summons is the commencement of a suit." (See also *Collins* v. *Montemy*, 3 Ill. App. 182). In *Schroeder* v. *Merchants' and Mechanics' Ins. Co.* 104 Ill. 71, it was held that the suit was commenced when the *præcipe* was filed and the first summons was issued by the clerk. (1 Ency. of Pl. & Pr. p. 124). Here, not only does the undisputed proof show that the proofs of loss were delivered on December 7, 1897, but the *præcipe* and the summons, which are both in the record and a part thereof, establish the fact, that this suit was commenced on February 19, 1898, more than sixty days after the delivery of the proofs of loss. The amendment to the declaration, which averred "that the delivery of said proofs of loss as aforesaid was more than sixty days before the commencement of this action," amounted to an averment that the delivery of said proofs of loss as aforesaid was more than sixty days before the issuance of the summons in this case. When the summons was issued was a matter of record. "Courts judicially take notice of their own records." (*Taylor* v. *Adams*, 115 Ill. 570).

Inasmuch, therefore, as the date of the delivery of the proofs of loss is clearly shown by the proofs and the date of the commencement of the suit is clearly shown by the record itself, and inasmuch as it thus appears that

more than sixty days elapsed between the delivery of the proofs of loss and the commencement of the suit, the amendment in question could not have possibly worked any prejudice or injury to the rights of the appellant. Appellant was not surprised by the amendment, because counsel for appellant admits that the alleged defect in the declaration "was known at the start," and that an attack upon it upon this ground was purposely avoided until the time arrived when it was supposed that something could be gained by such attack. The amendment merely perfected the declaration, so as to enable the plaintiff below to recover on a claim for which the action was intended to be brought. The amendment introduced no new cause of action, and no evidence other than that which was in the record could have been introduced by the appellant as a defense to the amendment.

It is urged, however, on the part of the appellant, that the court erred in not permitting it to plead to the amendment. The motion to plead was a general motion, and did not specify what plea it was desired to make, nor was any plea offered or presented. The plea of the general issue had already been filed by the appellant, and this plea was sufficient after the declaration was amended in the respect above mentioned. Any defense, which could have been made to the declaration as amended, could have been presented under the plea of general issue which was already filed. Appellant did not show, nor does the record reveal, that it had any defense which was inadmissible under the general issue. It is only where a plaintiff is permitted to amend his declaration in a material respect, that the defendant should be permitted to file additional pleas to the amended declaration. (*Griswold* v. *Shaw*, 79 Ill. 449). But, as it appears from what has already been stated, the declaration here was not amended in any material particular, which required the introduction of any other proof than that which was already in the record.

We are, therefore, of the opinion that, under the circumstances of this case, the court committed no error in permitting the declaration to be amended, and in denying to the appellant leave to plead to the amendment.

*Second*—It is next urged upon the part of the appellant, that the court erred in admitting in evidence a certain letter, written by the appellee and addressed to the appellant, demanding an appraisement.

The policy sued upon provides that "this company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, etc.; * * * said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as herein provided. * * * In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss," etc.

The letter in question is dated Chicago, October 27, 1897, is signed by the appellee, Max Schallman, and is as follows:

"WESTERN UNDERWRITERS' ASSOCIATION,
FISHER BROS., AGENTS,
146 LaSalle Street, Chicago.

"GENTLEMEN—Inasmuch as you have not been able to agree with me as to the amount of loss I sustained by fire on October 12, 1897, at my place of business, No. 124 Franklin street, under the policy issued by your company to me, and numbered 59,116, I herewith notify you that I shall ask that the amount of loss sustained by me by said fire, under your policy, as above stated, be ascertained by an immediate appraisal, and I further notify you that I demand that the articles of appraisement be signed within three days from this date,"

The objection to the introduction of this letter is, as formulated by counsel for appellant in their brief, that "it was shown only to have been served on the agent who issued the policy, and that no authority on the part of such agent to make the claimed waiver was shown, and that the court erred in admitting the letter as tending to show a waiver." The letter was introduced for the purpose of showing appellee's efforts to secure an appraisal, and that appraisal was waived by reason of the failure of the appellant to respond to the request for the same, as made in the letter. It is not contended that, if the letter was served upon the appellant itself or upon its general agents, the failure to respond to the request therein made did not amount to a waiver of the appraisal.

Whether or not there was a waiver was a question to be determined by the jury. The defendants below, composing the Western Underwriters' Association, asked the court to give, and the court did give to the jury, the following instruction:

"If you believe from the evidence, that, after the fire in question, the plaintiff and defendants did not agree as to the amount of loss and damage to the stock of the plaintiff, and you do not believe from the evidence that an award of appraisers has been returned fixing the amount of such loss and damage, then the plaintiff is not entitled to recover in this action, unless you further find from the evidence that the defendants waived such award."

By this instruction the question, as to whether or not the award was waived, was submitted to the jury. The question, then, is whether the letter in question, or the notice therein contained, was served upon the appellant companies or association, or upon their general agents.

There is evidence in the record, tending to show that Fisher Bros. were general agents, and there is also evidence tending to show that duplicates of the letter were mailed directly to the defendant companies themselves,

But even if Fisher Bros. were merely such agents as had authority to solicit insurance or issue policies and collect the premiums, it is, nevertheless, true, under the decisions made by this court, that the notice was properly served upon them. Notice of the demand for appraisal or arbitration will be sufficient, when served upon the agent of an insurer who is empowered to solicit insurance, and issue policies, and collect insurance premiums. Under the facts of this case, the appellee was warranted in treating Fisher Bros. as general agents of the company. "It has been repeatedly held by this court, that an agent, although local in respect of the territory in which he operates, who is clothed with general power to solicit and make contracts of insurance for the company, is so far a general agent, that notice to him of facts affecting the contract is notice to the company. * * * Whether this agent was apparently clothed with authority to represent the company in the adjustment of this loss, or to accept service of the demand and notice for arbitration, under the conditions of the policy, was a question of fact, to be determined by the jury upon consideration of all the facts and circumstances proved." (*Phenix Ins. Co.* v. *Stocks,* 149 Ill. 319; *Hancock Life Ins. Co.* v. *Schlink,* 175 id. 284; *Dwelling House Ins. Co.* v. *Dowdall,* 159 id. 179). These authorities hold, that a general agent, clothed with power to solicit insurance, receive the application and forward it to the company, receive and deliver the policy and collect the premium, has power to waive a condition of the policy, notwithstanding that power is negatived by provisions in the policy and his contract of employment. (*Hancock Life Ins. Co.* v. *Schlink, supra*).

There having been evidence tending to show that Fisher Bros. were such agents for the company, as that service of this notice upon them was sufficient, service upon them was service upon the company; and, therefore, the failure to respond to the letter was not merely

a waiver of appraisal by such agents, but was a waiver of appraisal by the companies themselves.

In view of what has been said, we are of the opinion that the court below committed no error in admitting the letter in evidence.

*Third*—The third objection, made by counsel for appellant, is that the general verdict and the special findings of the jury are not supported by the evidence in the case. The special contention of the appellant under this branch of the case is, that the jury relied upon the proofs of loss exclusively in determining the value of the property destroyed, and the amount of the loss and damage. It is quite true, as is contended by counsel, that the preliminary proofs of loss are only evidence of the fact, that the required proofs have been furnished to the insurance companies, and are not evidence of the facts stated in them. In other words, the true rule is that the proofs of loss are proper to show compliance with the terms of the policy, but are not to be considered in ascertaining the amount of damages. (*Knickerbocker Ins. Co.* v. *Gould*, 80 Ill. 388; 2 Wood on Insurance, sec. 440; *Lycoming Ins. Co.* v. *Rubin*, 79 Ill. 402). But there is other evidence in the record, tending to show the amount of property destroyed and the amount of loss and damage, besides that contained in the proofs of loss. The matter was one strictly within the province of the jury to decide, and, as there is evidence tending to sustain the cause of action, the judgment of the superior court in favor of the appellee and the judgment of the Appellate Court affirming the judgment of the superior court are conclusive upon this question of fact, so far as we are concerned.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*