George H. Vandasant, Appellee, v. Fidelity-Phenix Fire Insurance Company of New York, Appellant.

Gen. No. 8,145.

Opinion filed January 25, 1928.

LESLIE J. TAYLOR and HICKS & FOLONIE, for appellant.

JAMES A. MERRY and EDWARD E. ADAMS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, George H. Vandasant, sued the appellant, Fidelity-Phenix Fire Insurance Com-

pany of New York, to recover a fire loss incurred by him for property destroyed and covered by a fire insurance policy issued to him by the appellant company. It is averred in the declaration that the policy was issued on June 21, 1925, and that on the 4th day of August, 1926, while said policy of insurance was in force, some of the property which is itemized and described in the insurance policy, and which was upon the premises described in the policy, was destroyed by fire. To the declaration the appellant pleaded the general issue and three special pleas. Afterwards by leave of court the general issue and the third special plea were withdrawn by the appellant, thus leaving the first and second special pleas as embodying the appellant's defense against appellee's right of recovery. Concerning the matter of defense set up in the first and second special pleas, the appellant says in its brief: "The first special plea sets out the condition in the policy, * * * and avers that at the time of the said supposed fire and supposed loss and damage, said note remained due and unpaid, that is to say, said note was, to-wit, after January 1, 1926, and at all times thereafter past due; and the same was past due and unpaid at the time of the said fire and the said loss and damage by plaintiff complained of, and so defendant says that the consideration upon which the said policy of insurance was made, has wholly failed. The second special plea sets out in *haec verba* the promissory note of the insured with its conditions, averring the note was dated May 29, 1925, and was given in lieu of a cash premium for the premium of $330.50, and was payable to the defendant on the 1st day of January, 1926; that it contains the condition that in case of the nonpayment of the note at maturity the insurer shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company."

The plea also sets forth the following condition of the policy:

" 'But it is expressly agreed that this Company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any promissory note or obligation, or part thereof, given for the premium remains past due and unpaid,' and denies that the defendant was liable to the plaintiff under the terms of the contract sued upon, for loss and damage which occurred after the note was due and payable, and that the consideration upon which the policy was made, has wholly failed." To the first and second special pleas referred to by leave of court the appellee pleaded two replications. The first replication pleaded is as follows:

"And the plaintiff as to the plea of the defendant secondly above pleaded, says that he, the plaintiff, ought not, by reason of anything in the said plea alleged, to be barred from having his aforesaid action, because, he says, that about and prior to the maturity of the promissory note described in the said plea, the plaintiff applied to the agent of the defendant who had written the policy of insurance described in the plaintiff's declaration, and who was the agent of the defendant to write and deliver policies of insurance, and collect premiums therefor, and informed him, the said agent, that the plaintiff would be unable to pay the said promissory note at the maturity thereof, and thereupon the said agent represented to the plaintiff that he, the said agent, would procure of the defendant company an extension of time for the paying of the said promissory note, during which time the said policy of insurance would remain in force notwithstanding the nonpayment of the same at the original maturity date thereof. And the plaintiff believed in and relied upon the representations of the said agent as aforesaid, and trusted to him to inform the plaintiff when payment of the said note would be demanded,

and in the meantime the plaintiff's property was destroyed by fire, as in the plaintiff's declaration above averred, and this the plaintiff is ready to verify: Wherefore, for want of a sufficient plea in this behalf the plaintiff prays judgment, and his damages, etc., to be adjudged to him.''

And the second replication pleaded is as follows:

''And the plaintiff, for a further replication to the plea of the defendant secondly above pleaded, says, with leave of the Court, that the plaintiff ought not by reason of anything in the said plea alleged to be barred from having his aforesaid action, because, he says, that about the time of the maturity of the promissory note described in the said plea the plaintiff applied to the agent of the defendant who had written the policy of insurance in the plaintiff's declaration above described, and who was the agent of the defendant to write and deliver policies of insurance, and collect premiums therefor, and represented to him, the said agent, that the plaintiff would not be able to pay the promissory note aforesaid at the maturity thereof. That thereupon the said agent represented to the plaintiff that he, the said agent, would grant to the plaintiff an extension of time for the payment of the said note. And the plaintiff believed in and relied upon the representations of the said agent, and trusted to the said agent to inform the plaintiff when payment of the said note would be demanded, and in the meantime the plaintiff's property, as in the said declaration above averred, was destroyed by fire, and this the plaintiff is ready to verify: Wherefore, for want of a sufficient plea in this behalf, the plaintiff prays judgment, and his damages, etc., to be adjudged to him.''

A general and special demurrer was filed by the appellant to the replications and overruled by the court, whereupon the appellant stood by its demurrer, and the court thereupon assessed damages and entered

judgment in favor of the appellee for $2,071. This appeal is prosecuted from the judgment.

Concerning the matters involved in this appeal, appellant in its brief and argument states that this case involves "an action in assumpsit upon a farm policy of fire insurance, in which a judgment of *nil dicit* was entered in favor of the plaintiff, upon defendant's refusing to plead further after its general and special demurrers to the plaintiff's replications were overruled. The single question presented in this appeal is as to the correctness of the trial Judge's action in overruling the demurrers and entering judgment in favor of the plaintiff." The question therefore presented for determination is whether the matters averred in the replications constitute a waiver of the requirement in appellant's policy, that the premium note for $330.50 referred to in the plea be paid at maturity as a condition precedent to any liability under the policy; also whether the action of the agent in granting an extension of time for the payment of the premium note averred in the replication operated as a waiver of the payment of the note at maturity as required by the terms of the policy set up in the pleas and operate as a waiver of the condition in the policy that the company should not be liable for any loss or damage that might occur to the property insured while any promissory note or obligation or any part thereof, given for the insurance premium note, remained unpaid after the maturity thereof.

It will be noted that the last replication avers that the appellee applied to the agent of the appellant, who had written the policy of insurance for the company, and who was the agent of the defendant for the purpose of writing and delivering policies of insurance, and collecting premiums therefor, and informed him that the appellee would be unable to pay the promissory note given for the premium at maturity thereof, and that the agent thereupon represented to the ap-

pellee that he would grant to the appellee an extension of time for the payment of said note, and that the appellee believed in and relied upon this representation of said agent, and that an extension of time for payment was granted, and he trusted to said agent to inform him when payment of said note would be demanded, and that in the meantime the appellee's property was destroyed by fire. The demurrer admits the matters of fact concerning the extension of the time of payment of the premium note by the company's agent which is averred in the replication, and that the appellee relied on this representation in not making payment of the note at maturity as required by the terms of the policy. We are of opinion that if the agent had authority to act for the company, then the extension of time granted by the agent would operate as a waiver of the appellant's right to payment at maturity, and the liability of the appellant under the policy would also be extended thereby. In reference to the authority of the agent to bind the company, the replication avers that the agent granting the extension was an agent of the company who had written the policy of insurance in question, and who was the agent of appellant to write and deliver policies of insurance and collect premiums therefor. Concerning the authority of an agent of an insurance company to bind his principal, the Supreme Court held in *Milwaukee Mechanics' Ins. Co. v. Schallman,* 188 Ill. 213, that an agent although local in respect to the territory in which he operates, who is clothed with a general power to solicit and make contracts of insurance for the company, is in legal effect a general agent for the transaction of business of this character for the company, also in *Phenix Ins. Co. v. Stocks,* 149 Ill. 319; *Hancock Mut. Life Ins. Co. v. Schlink,* 175 Ill. 284; *Dwelling House Ins. Co. v. Dowdall,* 159 Ill. 179. "A general agent, clothed with power to solicit insurance, receive the application and forward it to the company,

receive and deliver the policy and collect the premium, has power to waive a condition of the policy notwithstanding that power is negatived by provisions in the policy and his contract of employment." *Hancock Mut. Life Ins. Co. v. Schlink, supra.*

We conclude, therefore, that the allegations of fact in the replication to the first and second pleas amounted in law to a waiver by the appellant of the right to plead the nonpayment of the premium note at maturity a defense to appellee's right of recovery, and that the demurrers to the replication were therefore properly overruled. The regularity and correctness of the proceedings following the overruling of the demurrers are not questioned. For the reasons stated the judgment is affirmed.

*Judgment affirmed.*